# EXHIBIT A

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 JUL 12  AM 9: 32

**MCCARTHY  LAW PLC**
CANDID CONVERSATIONS. WISE COUNSEL.

Kevin Fallon McCarthy, 011017
Joon Kee, 028152
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
joon.kee@mccarthylawyer.com
Attorneys for Plaintiff(s)

## McDOWELL MOUNTAIN JUSTICE COURT
## MARICOPA COUNTY, STATE OF ARIZONA
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

|  |  |
|---|---|
| MACIE HAWKES AND MICHAEL HAWKES, | Case No.: CC **2016122753** |
| Plaintiffs, | **INITIAL DISCOVERY SET TO TRANS UNION, LLC** |
| v. |  |
| CCO MORTGAGE A DIVISION OF CITIZENS FINANCIAL GROUP INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION, LLC, |  |
| Defendants. |  |

Plaintiffs, MACIE HAWKES AND MICHAEL HAWKES, gives notice of service upon and requests that Defendant individually respond to the following interrogatories, requests for production, and requests for admission within sixty (60) days of service.

### PREFATORY INSTRUCTIONS TO INTERROGATORIES

The Justice Court Rules of Civil Procedure allow a party to send up to forty (40) interrogatories to another party. An interrogatory is a written question that is sent by a party to another party that must be answered in writing and under oath by the party to whom the interrogatory is sent. If you do not answer an interrogatory because you object to the interrogatory, you must state a reason for your objection.

Provide your answers in the space directly below each question. If there is not enough space for your answer to a particular question, you may continue on a blank page by including the question above your answer. After you have completed your response to the interrogatories, you must sign on the last page to affirm that you have truthfully answered the questions and that you have a good faith basis for any objections that you may have made. You must provide your original answers to interrogatories to the party who sent them to you, and you must provide a copy to every other party in the lawsuit.

Your response to these interrogatories is due forty (40) days after they have been served on you, unless the interrogatories were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by

Hawkes v. CCO Mortgage et al.                    1                               DISCOVERY

the court. If you do not answer these interrogatories by the date provided in this notice, the party who served them may file a motion asking that the court order you to answer them. If the court enters that order, the court may also require you to pay expenses, including attorneys' fees incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party.

When an individual interrogatory calls for an answer that involves more than one party, each part of the answer should clearly set out so that it is understandable.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph" as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)      the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)      the author or sender of the document;

    (c)      the recipient of the document;

    (d)      the date the document was authored, sent, and/or received; and

    (e)      the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.        2        DISCOVERY

1   Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit
2   report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity,
3   address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of
4   the action and the reason the action was taken.

5   Where the term "data" is used, it is meant to mean or include the physical symbols in the
6   broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

7   "Identify" means that you should state:
8
9   (a) any and all names, legal, trade or assumed;
10
   (b) all addresses used; and
11
   (c) all telephone and tele-fax numbers used.
12
13   "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

14   "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."
15
16   The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of
17   assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of
18   interstate commerce for the purpose of preparing or furnishing consumer reports.

19   <u>**NON UNIFORM INTERROGATORIES**</u>

20   <u>**INTERROGATORY NO. 1:**</u> Please identify the names, addresses, and telephone numbers of all

21   persons who supplied information responsive to these interrogatories.

22   <u>**ANSWER:**</u>

23

24

25   <u>**INTERROGATORY NO. 2:**</u> Please identify the names, addresses, and telephone numbers of all

26   persons who have personal knowledge of any of the facts, events, or matters that are alleged in

27   Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and

28   explain your understanding of the matters on which the persons named have knowledge.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
SCOTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    3                         DISCOVERY

1    **ANSWER:**

2

3

4    **INTERROGATORY NO. 3:** Please identify all correspondence or documents that refer or relate

5    to any correspondence or communication between you and any other person relating or referring

6    to the facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated

7    answer and/or defenses thereto.

8    **ANSWER:**

9

10

11   **INTERROGATORY NO. 4:** Please identify each person whom you may call as a witness at trial

12   including name, address, and telephone number, and the substance of the facts and opinions to

13   which the witness may testify.

14   **ANSWER:**

15

16

17   **INTERROGATORY NO. 5:** Please list, explain and describe documents known to you or

18   believed by you to exist concerning the events described in Plaintiff's complaint or concerning any

19   event which is the subject of any defense you have raised to this lawsuit.

20   **ANSWER:**

21

22

23

24   **INTERROGATORY NO. 6:** Please identify each employee or non-employee witness or expert

25   witness you believe may have formed any opinion or consulted with you about the facts or basis

26   of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person

27   identified, please list each and every lawsuit in which that person has testified by affidavit,

28   deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    4                              DISCOVERY

1   and describe the nature of each such statement by the person so identified. Please identify the

2   lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial

3   testimony, or report was made, taken or occurred.

4   **ANSWER**:

5

6

7   **INTERROGATORY NO. 7:** Please identify all individuals known to you or your attorney who

8   are not witnesses, but who you have reason to believe have knowledge pertinent to the events at

9   issue as alleged in the pleadings, and provide a brief summary of the facts to which each such

10  person could testify. For each person, please state the following:

11          a.      Please state whether each such person is affiliated with, or related

12                  to, or employed by any party (or its agents, servants, officers, or employees)

13                  to this lawsuit;

14          b.      If any of the persons so listed in response to this interrogatory do not

15                  fit the characterization in subpart (a) above, please describe the nature of

16                  their involvement in this lawsuit;

17          c)      Please explain and describe your understanding of their knowledge

18                  of such facts.

19  **ANSWER**:

20

21

22  **INTERROGATORY NO. 8:** Please state whether any of the individuals listed in the answers to

23  the preceding interrogatories have given any statement[s] to you and, if so, please identify the

24  individual giving the statement, identify the individual to whom the statement was given, the date

25  of the statement, and whether or not the statement was written or recorded and, if it was written or

26  recorded, identify the individual presently in possession of such writing or recording.

27  **ANSWER**:

28  ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    5                              DISCOVERY

1   **INTERROGATORY NO. 9:**  Please list each exhibit which you may attempt to introduce as

2   evidence at the trial of this case, or which has been used or referred to by any witness, expert or

3   lay, on your behalf.

4   **ANSWER:**

5

6

7   **INTERROGATORY NO. 10:** For each paragraph of Plaintiff's complaint which you deny the

8   allegations, please explain and describe any facts which you believe support each denial.

9   **ANSWER:**

10

11

12   **INTERROGATORY NO. 11:**   Please explain and describe when, how and under what

13   circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs'

14   personal identifiers. List the archived data files and reports wherein any personal information about

15   Plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was

16   captured, retained and/or archived, who has possession of those reports, the manner in which the

17   reports are maintained, and the retention policy[ies] regarding those reports. This request includes

18   your normal data file retention processes.

19   **ANSWER:**

20

21

22   **INTERROGATORY NO. 12:** Please explain and describe when and how you transmit account

23   data stored in any file bearing any of Plaintiff's personal identifiers to any Consumer Reporting

24   Agency ("CRA").

25   **ANSWER:**

26

27

28   ///

CARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.      6      DISCOVERY

1   **INTERROGATORY NO. 13:**  Please explain and describe any disputes you received from
2   Plaintiff or concerning Plaintiff and explain and describe your actions and disposition of your
3   actions in connection with each contact or communication.
4   **ANSWER**:
5
6
7   **INTERROGATORY NO. 14:**  Please explain and describe each Consumer Dispute Verification
8   or Automated Consumer Dispute Verification ("CDV" or "ACDV" respectively) communication
9   or other dispute communication you issued to any furnisher of credit information which pertained
10  to Plaintiff or any of his/her personal identifiers. For each such CDV, ACDV or other dispute
11  communication, please identify the person reporting such dispute, state the date the dispute was
12  received and the date you issued any response, explain and describe the dispute conveyed, and fully
13  explain and describe your response[s] on each such occasion.
14  **ANSWER**:
15
16
17  **INTERROGATORY NO. 15:**  Please list, explain and describe each and every code contained in
18  each reinvestigation record and file and retained computer record and screen/file you generated
19  and accessed regarding Plaintiff. For each such code, please also explain and describe, in detail,
20  the purpose of such code, the content of such action, the duration of such action, and the reason
21  you permitted such action or entry.
22  **ANSWER**:
23
24
25
26
27
28  ///

CCARTHY LAW. PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    7                         DISCOVERY

## **PREFATORY INSTRUCTIONS TO REQUEST FOR PRODUCTION**

The Justice Court Rules of Civil Procedure allow a party to request from another party up to ten (10) documents or items, or up to ten (10) categories of documents or items. If you do not produce a document or a category of documents or items because you object to a specific request, you must state a reason for your objection. A party may also request to enter on to designated land or other property to inspect it, or to take measurements, photographs, or samples.

A party who produces documents must provide them as they are kept in the usual course of business, or they must organize and label them in response to the requests. Electronic documents or electronic records must be produced in the format that has been requested or in the format that the electronic documents or records are usually kept.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Your response to requests made under this rule is due forty (40) days after the requests have been served on you, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you do not comply with the requests that have been made in this notice, the party who served them may file a motion asking that the court order you to comply. If the court enters that order, the court may also require you to pay expenses, including reasonable attorneys' fees, incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a Plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

Each of the above-named parties is to produce for inspection and copying all documents in their possession or control or otherwise available to it/them that is/are responsive to the requests contained in the numbered paragraphs below. Each of the above-named parties shall specify which documents are produced in response to each of the numbered paragraphs.

If any document herein requested was formerly in the possession, custody, or control of each of the above-named parties and has been lost or destroyed, each of the above-named parties is requested to submit in lieu of each document a written statement which:

1. Describes in detail the nature of the document and its contents; AND

2. Identifies the person who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; AND

3. Specifies the date on which the document was prepared or transmitted or both; AND

4. Specifies, if possible the date on which the document was lost or destroyed, and, if destroyed, the conditions or the reasons for such destruction and the persons requesting and performing the destruction.

If any document otherwise required to be produced by this request is withheld on the grounds of privilege or otherwise, you shall identify the document by document control number if available, or other sufficient information to identify the document and the reasons for the non-disclosure.

.cCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    8                          DISCOVERY

This request for production of documents is continuing and any document obtained or located subsequent to production, which would have been produced, had it been available or its existence known at the time is to be supplied forthwith.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.        9        DISCOVERY

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed; AND

(b) all addresses used; AND

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Please produce a copy of all documents or computerized records, kept in any form or manner, known to you or believed by you to exist concerning any of the events described in Plaintiff's Complaint or concerning any of the events which are the subject[s] of any allegations, defense[s] or contentions you have raised to this lawsuit or in connection with this lawsuit.

**ANSWER:**

**REQUEST NO. 2:** Please produce a complete and legible copy, transcription and summary of any statement[s], in any recorded format, provided to you or your attorneys in connection with any of the facts, asserted by any person, in this lawsuit and, if the witness produce any tangible item, please produce that item for inspection and copying at the time of your responses or produce a copy of that item with your responses.

**ANSWER:**

///

MCCARTHY LAW, PLC
250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
02-456-8900

1  **REQUEST NO. 3:**

2  Please produce a complete and legible copy of each exhibit which you may attempt to introduce as

3  evidence at the trial of this case.

4  **ANSWER:**

5

6

7  **REQUEST NO. 4:**  For each paragraph of Plaintiff's petition for which you deny the allegations,

8  please provide a copy of any evidence or proof which you believe may support each denial.

9  **ANSWER:**

10

11

12  **REQUEST NO. 5:**  Please produce a complete and legible copy of any communications you

13  received from Plaintiff and which you sent to Plaintiff.

14  **ANSWER:**

15

16

17

18

19

20

21

22

23

24

25

26

27

28      ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    11                              DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR ADMISSION

The Justice Court Rules of Civil Procedure allow a party to send up to twenty-five (25) requests for admissions to another party. Each request must contain only one fact or one contention to admit or deny. A request may inquire about whether a document is genuine or accurate. You must admit or deny each of these requests, unless you object to a request, in which case you must state a reason for your objection. You may not object on the basis that you do not have knowledge or information concerning the request unless you have first made a reasonable inquiry to obtain knowledge or information.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Responses to requests for admissions are due forty (40) days from the date they are served, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or as ordered by the court.

If you do not respond to these requests for admissions by the date provided in this notice, your failure to respond may be considered as an admission of the requests.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
024564900

Hawkes v. CCO Mortgage et al.        12        DISCOVERY

1    Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

2
3    Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should
4    include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the
5    action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.
6

7    ` Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or
8    otherwise recorded.

9    "Identify" means that you should state:

10            (a) any and all names, legal, trade or assumed; AND

11            (b) all addresses used; AND

12            (c) all telephone and tele-fax numbers used.

13

14    "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

15

16    "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

17    The term "Consumer Reporting Agency" means any person which, for monetary fees, dues,
18    or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the
19    purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.
20

21                    **REQUESTS FOR ADMISSION**

22    **REQUEST FOR ADMISSION NO. 1:**    Admit that you, Defendant, inaccurately reported

23    information related to Plaintiff's account which is the subject of this suit.

24            ☐ADMIT ☐DENY

25

26    **REQUEST FOR ADMISSION NO. 2:**    Admit that you, Defendant, failed to correct the

27    inaccurate information you reported regarding Plaintiff's account which is the subject of this suit.

28            ☐ADMIT ☐DENY

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.          13          DISCOVERY

1   **REQUEST FOR ADMISSION NO. 3:**  Admit that you, Defendant, received a dispute regarding

2   Plaintiff's account which is the subject of this suit.

3      ☐ADMIT ☐DENY

4

5   **REQUEST FOR ADMISSION NO. 4:**   Admit that you, Defendant, failed to have systems in

6   place to accurately identify and relay all the pertinent details of the dispute to the party reporting

7   such information.

8      ☐ADMIT ☐DENY

9

10   **REQUEST FOR ADMISSION NO. 5:**  Admit that you, Defendant, failed to conduct a

11   reinvestigation regarding Plaintiff's disputed account which is the subject of this suit, after the

12   party reporting the incorrect information verified it through the ACDV.

13      ☐ADMIT ☐DENY

14

15   **REQUEST FOR ADMISSION NO. 6:**  Admit that you, Defendant, failed to have reasonable

16   systems in place to prevent a party that reports information, from automatically updating any

17   manually flagged accounts, once disputes have been submitted.

18      ☐ADMIT ☐DENY

19

20     Respectfully submitted this 8th day of July, 2016.

21          MCCARTHY LAW, PLC

22          By:

23           Kevin Fallon McCarthy, Esq.
        Joon N. Kee, Esq.

24           Attorney for Plaintiff(s)

25

26

27

28

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
J2-456-8900

Hawkes v. CCO Mortgage et al.     14       DISCOVERY

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 JUL 12  AM 9:31

**MCCARTHY LAW PLC**
CANDID CONVERSATION. WISE COUNSEL.

Kevin Fallon McCarthy, 011017
Joon Kee, 028152
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
joon.kee@mccarthylawyer.com
Attorneys for Plaintiffs

## McDOWELL MOUNTAIN JUSTICE COURT
## MARICOPA COUNTY, STATE OF ARIZONA
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

MACIE HAWKES AND MICHAEL
HAWKES,

          Plaintiffs,

v.

CCO MORTGAGE A DIVISION OF
CITIZENS FINANCIAL GROUP INC.,
EQUIFAX INFORMATION SERVICES,
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC. AND TRANS UNION,
LLC,
          Defendants.

Case No.: CC 2016122753

**INITIAL DISCOVERY SET TO**

**EQUIFAX INFORMATION SYSTEMS,
LLC**

Plaintiffs, MACIE HAWKES and MICHAEL HAWKES, give notice of service upon and requests that Defendant individually respond to the following interrogatories, requests for production, and requests for admission within sixty (60) days of service.

### PREFATORY INSTRUCTIONS TO INTERROGATORIES

The Justice Court Rules of Civil Procedure allow a party to send up to forty (40) interrogatories to another party. An interrogatory is a written question that is sent by a party to another party that must be answered in writing and under oath by the party to whom the interrogatory is sent. If you do not answer an interrogatory because you object to the interrogatory, you must state a reason for your objection.

Provide your answers in the space directly below each question. If there is not enough space for your answer to a particular question, you may continue on a blank page by including the question above your answer. After you have completed your response to the interrogatories, you must sign on the last page to affirm that you have truthfully answered the questions and that you have a good faith basis for any objections that you may have made. You must provide your original answers to interrogatories to the party who sent them to you, and you must provide a copy to every other party in the lawsuit.

Your response to these interrogatories is due forty (40) days after they have been served on you, unless the interrogatories were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
J2-456-8900

Hawkes v. CCO Mortgage et al.                    1                          DISCOVERY

the court. If you do not answer these interrogatories by the date provided in this notice, the party who served them may file a motion asking that the court order you to answer them. If the court enters that order, the court may also require you to pay expenses, including attorneys' fees incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party.

When an individual interrogatory calls for an answer that involves more than one party, each part of the answer should clearly set out so that it is understandable.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph" as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.        2        DISCOVERY

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed;

(b) all addresses used; and

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## NON UNIFORM INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the names, addresses, and telephone numbers of all persons who supplied information responsive to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
SCOTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.            3            DISCOVERY

1 **ANSWER:**

2

3

4 **INTERROGATORY NO. 3:** Please identify all correspondence or documents that refer or relate

5 to any correspondence or communication between you and any other person relating or referring

6 to the facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated

7 answer and/or defenses thereto.

8 **ANSWER:**

9

10

11 **INTERROGATORY NO. 4:** Please identify each person whom you may call as a witness at trial

12 including name, address, and telephone number, and the substance of the facts and opinions to

13 which the witness may testify.

14 **ANSWER:**

15

16

17 **INTERROGATORY NO. 5:** Please list, explain and describe documents known to you or

18 believed by you to exist concerning the events described in Plaintiff's complaint or concerning any

19 event which is the subject of any defense you have raised to this lawsuit.

20 **ANSWER:**

21

22

23

24 **INTERROGATORY NO. 6:** Please identify each employee or non-employee witness or expert

25 witness you believe may have formed any opinion or consulted with you about the facts or basis

26 of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person

27 identified, please list each and every lawsuit in which that person has testified by affidavit,

28 deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02.456.8900

Hawkes v. CCO Mortgage et al.                    4                        DISCOVERY

1  and describe the nature of each such statement by the person so identified. Please identify the

2  lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial

3  testimony, or report was made, taken or occurred.

4  **ANSWER:**

5

6

7  **INTERROGATORY NO. 7:**  Please identify all individuals known to you or your attorney who

8  are not witnesses, but who you have reason to believe have knowledge pertinent to the events at

9  issue as alleged in the pleadings, and provide a brief summary of the facts to which each such

10  person could testify. For each person, please state the following:

11    a.     Please state whether each such person is affiliated with, or related

12           to, or employed by any party (or its agents, servants, officers, or employees)

13           to this lawsuit;

14    b.     If any of the persons so listed in response to this interrogatory do not

15           fit the characterization in subpart (a) above, please describe the nature of

16           their involvement in this lawsuit;

17    c)     Please explain and describe your understanding of their knowledge

18           of such facts.

19  **ANSWER:**

20

21

22  **INTERROGATORY NO. 8:**  Please state whether any of the individuals listed in the answers to

23  the preceding interrogatories have given any statement[s] to you and, if so, please identify the

24  individual giving the statement, identify the individual to whom the statement was given, the date

25  of the statement, and whether or not the statement was written or recorded and, if it was written or

26  recorded, identify the individual presently in possession of such writing or recording.

27

28  ///

CCARTHY LAW, PLC
250 N  DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    5                         DISCOVERY

1   **ANSWER:**

2

3

4   **INTERROGATORY NO. 9:**  Please list each exhibit which you may attempt to introduce as

5   evidence at the trial of this case, or which has been used or referred to by any witness, expert or

6   lay, on your behalf.

7   **ANSWER:**

8

9

10   **INTERROGATORY NO. 10:** For each paragraph of Plaintiff's complaint which you deny the

11   allegations, please explain and describe any facts which you believe support each denial.

12   **ANSWER:**

13

14

15   **INTERROGATORY NO. 11:**   Please explain and describe when, how and under what

16   circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs'

17   personal identifiers. List the archived data files and reports wherein any personal information about

18   Plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was

19   captured, retained and/or archived, who has possession of those reports, the manner in which the

20   reports are maintained, and the retention policy[ies] regarding those reports. This request includes

21   your normal data file retention processes.

22   **ANSWER:**

23

24

25   **INTERROGATORY NO. 12:** Please explain and describe when and how you transmit account

26   data stored in any file bearing any of Plaintiff's personal identifiers to any Consumer Reporting

27   Agency ("CRA").

28   ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
J024568900

Hawkes v. CCO Mortgage et al.                    6                              DISCOVERY

1   **ANSWER:**

2

3

4   **INTERROGATORY NO. 13:**  Please explain and describe any disputes you received from

5   Plaintiff or concerning Plaintiff and explain and describe your actions and disposition of your

6   actions in connection with each contact or communication.

7   **ANSWER:**

8

9

10  **INTERROGATORY NO. 14:**  Please explain and describe each Consumer Dispute Verification

11  or Automated Consumer Dispute Verification ("CDV" or "ACDV" respectively) communication

12  or other dispute communication you issued to any furnisher of credit information which pertained

13  to Plaintiff or any of his/her personal identifiers. For each such CDV, ACDV or other dispute

14  communication, please identify the person reporting such dispute, state the date the dispute was

15  received and the date you issued any response, explain and describe the dispute conveyed, and fully

16  explain and describe your response[s] on each such occasion.

17  **ANSWER:**

18

19

20  **INTERROGATORY NO. 15:**  Please list, explain and describe each and every code contained in

21  each reinvestigation record and file and retained computer record and screen/file you generated

22  and accessed regarding Plaintiff. For each such code, please also explain and describe, in detail,

23  the purpose of such code, the content of such action, the duration of such action, and the reason

24  you permitted such action or entry.

25  **ANSWER:**

26

27

28  ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02456-8900

Hawkes v. CCO Mortgage et al.                 7                    DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR PRODUCTION

The Justice Court Rules of Civil Procedure allow a party to request from another party up to ten (10) documents or items, or up to ten (10) categories of documents or items. If you do not produce a document or a category of documents or items because you object to a specific request, you must state a reason for your objection. A party may also request to enter on to designated land or other property to inspect it, or to take measurements, photographs, or samples.

A party who produces documents must provide them as they are kept in the usual course of business, or they must organize and label them in response to the requests. Electronic documents or electronic records must be produced in the format that has been requested or in the format that the electronic documents or records are usually kept.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Your response to requests made under this rule is due forty (40) days after the requests have been served on you, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you do not comply with the requests that have been made in this notice, the party who served them may file a motion asking that the court order you to comply. If the court enters that order, the court may also require you to pay expenses, including reasonable attorneys' fees, incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a Plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

Each of the above-named parties is to produce for inspection and copying all documents in their possession or control or otherwise available to it/them that is/are responsive to the requests contained in the numbered paragraphs below. Each of the above-named parties shall specify which documents are produced in response to each of the numbered paragraphs.

If any document herein requested was formerly in the possession, custody, or control of each of the above-named parties and has been lost or destroyed, each of the above-named parties is requested to submit in lieu of each document a written statement which:

1. Describes in detail the nature of the document and its contents; AND

2. Identifies the person who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; AND

3. Specifies the date on which the document was prepared or transmitted or both; AND

4. Specifies, if possible the date on which the document was lost or destroyed, and, if destroyed, the conditions or the reasons for such destruction and the persons requesting and performing the destruction.

If any document otherwise required to be produced by this request is withheld on the grounds of privilege or otherwise, you shall identify the document by document control number if available, or other sufficient information to identify the document and the reasons for the non-disclosure.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
02-4568900

Hawkes v. CCO Mortgage et al.                    8                    DISCOVERY

This request for production of documents is continuing and any document obtained or located subsequent to production, which would have been produced, had it been available or its existence known at the time is to be supplied forthwith.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.        9        DISCOVERY

"Identify" means that you should state:

    (a) any and all names, legal, trade or assumed; AND

    (b) all addresses used; AND

    (c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce a copy of all documents or computerized records, kept in any form or manner, known to you or believed by you to exist concerning any of the events described in Plaintiff's Complaint or concerning any of the events which are the subject[s] of any allegations, defense[s] or contentions you have raised to this lawsuit or in connection with this lawsuit.

**ANSWER:**

**REQUEST NO. 2:** Please produce a complete and legible copy, transcription and summary of any statement[s], in any recorded format, provided to you or your attorneys in connection with any of the facts, asserted by any person, in this lawsuit and, if the witness produce any tangible item, please produce that item for inspection and copying at the time of your responses or produce a copy of that item with your responses.

**ANSWER:**

///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.          10          DISCOVERY

1    **REQUEST NO. 3:**

2    Please produce a complete and legible copy of each exhibit which you may attempt to introduce as

3    evidence at the trial of this case.

4    **ANSWER:**

5

6

7    **REQUEST NO. 4:**  For each paragraph of Plaintiff's petition for which you deny the allegations,

8    please provide a copy of any evidence or proof which you believe may support each denial.

9    **ANSWER:**

10

11

12    **REQUEST NO. 5:**  Please produce a complete and legible copy of any communications you

13    received from Plaintiff and which you sent to Plaintiff.

14    **ANSWER:**

15

16

17

18

19

20

21

22

23

24

25

26

27

28    ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    11                    DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR ADMISSION

The Justice Court Rules of Civil Procedure allow a party to send up to twenty-five (25) requests for admissions to another party. Each request must contain only one fact or one contention to admit or deny. A request may inquire about whether a document is genuine or accurate. You must admit or deny each of these requests, unless you object to a request, in which case you must state a reason for your objection. You may not object on the basis that you do not have knowledge or information concerning the request unless you have first made a reasonable inquiry to obtain knowledge or information.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Responses to requests for admissions are due forty (40) days from the date they are served, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or as ordered by the court.

If you do not respond to these requests for admissions by the date provided in this notice, your failure to respond may be considered as an admission of the requests.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph" as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

MCCARTHY LAW, PLC
250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900

Hawkes v. CCO Mortgage et al.           12           DISCOVERY

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed; AND

(b) all addresses used; AND

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit that you, Defendant, inaccurately reported information related to Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 2:**   Admit that you, Defendant, failed to correct the inaccurate information you reported regarding Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

///

CARTHY LAW, PLC
250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    13                    DISCOVERY

1  **REQUEST FOR ADMISSION NO. 3:**  Admit that you, Defendant, received a dispute regarding

2  Plaintiff's account which is the subject of this suit.

3  ☐ADMIT ☐DENY

4

5  **REQUEST FOR ADMISSION NO. 4:**  Admit that you, Defendant, failed to have systems in

6  place to accurately identify and relay all the pertinent details of the dispute to the party reporting

7  such information.

8  ☐ADMIT ☐DENY

9

10  **REQUEST FOR ADMISSION NO. 5:**  Admit that you, Defendant, failed to conduct a

11  reinvestigation regarding Plaintiff's disputed account which is the subject of this suit, after the

12  party reporting the incorrect information verified it through the ACDV.

13  ☐ADMIT ☐DENY

14

15  **REQUEST FOR ADMISSION NO. 6:**  Admit that you, Defendant, failed to have reasonable

16  systems in place to prevent a party that reports information, from automatically updating any

17  manually flagged accounts, once disputes have been submitted.

18  ☐ADMIT ☐DENY

19

20  Respectfully submitted this 8th day of July, 2016.

21  MCCARTHY LAW, PLC

22  By:

23  Kevin Fallon McCarthy, Esq.
   Joon N. Kee, Esq.

24  Attorney for Plaintiffs

25

26

27

28

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    14                    DISCOVERY

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 JUL 12 AM 9: 31

**McCARTHY LAW PLC**
Canned Conversation, Will Counsel

1

2    Kevin Fallon McCarthy, 011017
     Joon Kee, 028152
3    4250 North Drinkwater Blvd, Suite 320
     Scottsdale, AZ 85251
4    602-456-8900
     joon.kee@mccarthylawyer.com
5    Attorneys for Plaintiff(s)

6                    **McDOWELL MOUNTAIN JUSTICE COURT**
                     **MARICOPA COUNTY, STATE OF ARIZONA**
7                    18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

8    MACIE HAWKES AND MICHAEL            Case No.: CC  **2016122753**
     HAWKES,
9                                        **INITIAL DISCOVERY SET TO**
10              Plaintiffs,              **EXPERIAN INFORMATION**
                                         **SOLUTIONS, INC.**
         v.
11   CCO MORTGAGE A DIVISION OF
     CITIZENS FINANCIAL GROUP INC.,
12   EQUIFAX INFORMATION SERVICES,
     LLC, EXPERIAN INFORMATION
13   SOLUTIONS, INC. AND TRANS UNION,
     LLC,
14              Defendants.
15

16          Plaintiffs, MACIE HAWKES AND MICHAEL HAWKES, give notice of service upon and

17   requests that Defendant individually respond to the following interrogatories, requests for

18   production, and requests for admission within sixty (60) days of service.

19              **PREFATORY INSTRUCTIONS TO INTERROGATORIES**

20          The Justice Court Rules of Civil Procedure allow a party to send up to forty (40)

21   interrogatories to another party. An interrogatory is a written question that is sent by a party to
     another party that must be answered in writing and under oath by the party to whom the
22   interrogatory is sent. If you do not answer an interrogatory because you object to the interrogatory,
     you must state a reason for your objection.

23          Provide your answers in the space directly below each question. If there is not enough space
     for your answer to a particular question, you may continue on a blank page by including the
24   question above your answer. After you have completed your response to the interrogatories, you
     must sign on the last page to affirm that you have truthfully answered the questions and that you
25   have a good faith basis for any objections that you may have made. You must provide your original
     answers to interrogatories to the party who sent them to you, and you must provide a copy to every
26   other party in the lawsuit.

27          Your response to these interrogatories is due forty (40) days after they have been served
     on you, unless the interrogatories were served with the summons and complaint, in which case
28   your response is due within sixty (60) days after the date of service, or unless otherwise ordered by

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                     1                          DISCOVERY

the court. If you do not answer these interrogatories by the date provided in this notice, the party who served them may file a motion asking that the court order you to answer them. If the court enters that order, the court may also require you to pay expenses, including attorneys' fees incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party.

When an individual interrogatory calls for an answer that involves more than one party, each part of the answer should clearly set out so that it is understandable.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)     the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)     the author or sender of the document;

    (c)     the recipient of the document;

    (d)     the date the document was authored, sent, and/or received; and

    (e)     the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.      2      DISCOVERY

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed;

(b) all addresses used; and

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## NON UNIFORM INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the names, addresses, and telephone numbers of all persons who supplied information responsive to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
SCOTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    3                    DISCOVERY

1  **ANSWER:**

2

3

4  **INTERROGATORY NO. 3:** Please identify all correspondence or documents that refer or relate

5  to any correspondence or communication between you and any other person relating or referring

6  to the facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated

7  answer and/or defenses thereto.

8  **ANSWER:**

9

10

11  **INTERROGATORY NO. 4:** Please identify each person whom you may call as a witness at trial

12  including name, address, and telephone number, and the substance of the facts and opinions to

13  which the witness may testify.

14  **ANSWER:**

15

16

17  **INTERROGATORY NO. 5:** Please list, explain and describe documents known to you or

18  believed by you to exist concerning the events described in Plaintiff's complaint or concerning any

19  event which is the subject of any defense you have raised to this lawsuit.

20  **ANSWER:**

21

22

23

24  **INTERROGATORY NO. 6:** Please identify each employee or non-employee witness or expert

25  witness you believe may have formed any opinion or consulted with you about the facts or basis

26  of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person

27  identified, please list each and every lawsuit in which that person has testified by affidavit,

28  deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain

Hawkes v. CCO Mortgage et al.                    4                         DISCOVERY

1  and describe the nature of each such statement by the person so identified. Please identify the

2  lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial

3  testimony, or report was made, taken or occurred.

4  **ANSWER**:

5

6

7  **INTERROGATORY NO. 7:**  Please identify all individuals known to you or your attorney who

8  are not witnesses, but who you have reason to believe have knowledge pertinent to the events at

9  issue as alleged in the pleadings, and provide a brief summary of the facts to which each such

10  person could testify. For each person, please state the following:

11        a.     Please state whether each such person is affiliated with, or related

12        to, or employed by any party (or its agents, servants, officers, or employees)

13        to this lawsuit;

14        b.     If any of the persons so listed in response to this interrogatory do not

15        fit the characterization in subpart (a) above, please describe the nature of

16        their involvement in this lawsuit;

17        c)     Please explain and describe your understanding of their knowledge

18        of such facts.

19  **ANSWER**:

20

21

22  **INTERROGATORY NO. 8:**  Please state whether any of the individuals listed in the answers to

23  the preceding interrogatories have given any statement[s] to you and, if so, please identify the

24  individual giving the statement, identify the individual to whom the statement was given, the date

25  of the statement, and whether or not the statement was written or recorded and, if it was written or

26  recorded, identify the individual presently in possession of such writing or recording.

27  **ANSWER**:

28  ///

CCARTHY LAW, PLC
250 N  DRINKWATER BLVD
UITE 320
COTTSDALE  ARIZONA 85251
024568900

Hawkes v. CCO Mortgage et al.          5          DISCOVERY

1  **INTERROGATORY NO. 9:**  Please list each exhibit which you may attempt to introduce as

2  evidence at the trial of this case, or which has been used or referred to by any witness, expert or

3  lay, on your behalf.

4  **ANSWER:**

5

6

7  **INTERROGATORY NO. 10:** For each paragraph of Plaintiff's complaint which you deny the

8  allegations, please explain and describe any facts which you believe support each denial.

9  **ANSWER:**

10

11

12  **INTERROGATORY NO. 11:**   Please explain and describe when, how and under what

13  circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs'

14  personal identifiers. List the archived data files and reports wherein any personal information about

15  Plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was

16  captured, retained and/or archived, who has possession of those reports, the manner in which the

17  reports are maintained, and the retention policy[ies] regarding those reports. This request includes

18  your normal data file retention processes.

19  **ANSWER:**

20

21

22  **INTERROGATORY NO. 12:** Please explain and describe when and how you transmit account

23  data stored in any file bearing any of Plaintiff's personal identifiers to any Consumer Reporting

24  Agency ("CRA").

25  **ANSWER:**

26

27

28  ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
02456-8900

Hawkes v. CCO Mortgage et al.                    6                    DISCOVERY

1    **INTERROGATORY NO. 13:**   Please explain and describe any disputes you received from

2    Plaintiff or concerning Plaintiff and explain and describe your actions and disposition of your

3    actions in connection with each contact or communication.

4    **ANSWER:**

5

6

7    **INTERROGATORY NO. 14:**   Please explain and describe each Consumer Dispute Verification

8    or Automated Consumer Dispute Verification ("CDV" or "ACDV" respectively) communication

9    or other dispute communication you issued to any furnisher of credit information which pertained

10    to Plaintiff or any of his/her personal identifiers. For each such CDV, ACDV or other dispute

11    communication, please identify the person reporting such dispute, state the date the dispute was

12    received and the date you issued any response, explain and describe the dispute conveyed, and fully

13    explain and describe your response[s] on each such occasion.

14    **ANSWER:**

15

16

17    **INTERROGATORY NO. 15:**   Please list, explain and describe each and every code contained in

18    each reinvestigation record and file and retained computer record and screen/file you generated

19    and accessed regarding Plaintiff. For each such code, please also explain and describe, in detail,

20    the purpose of such code, the content of such action, the duration of such action, and the reason

21    you permitted such action or entry.

22    **ANSWER:**

23

24

25

26

27

28    ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.      7      DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR PRODUCTION

The Justice Court Rules of Civil Procedure allow a party to request from another party up to ten (10) documents or items, or up to ten (10) categories of documents or items. If you do not produce a document or a category of documents or items because you object to a specific request, you must state a reason for your objection. A party may also request to enter on to designated land or other property to inspect it, or to take measurements, photographs, or samples.

A party who produces documents must provide them as they are kept in the usual course of business, or they must organize and label them in response to the requests. Electronic documents or electronic records must be produced in the format that has been requested or in the format that the electronic documents or records are usually kept.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Your response to requests made under this rule is due forty (40) days after the requests have been served on you, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you do not comply with the requests that have been made in this notice, the party who served them may file a motion asking that the court order you to comply. If the court enters that order, the court may also require you to pay expenses, including reasonable attorneys' fees, incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a Plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

Each of the above-named parties is to produce for inspection and copying all documents in their possession or control or otherwise available to it/them that is/are responsive to the requests contained in the numbered paragraphs below. Each of the above-named parties shall specify which documents are produced in response to each of the numbered paragraphs.

If any document herein requested was formerly in the possession, custody, or control of each of the above-named parties and has been lost or destroyed, each of the above-named parties is requested to submit in lieu of each document a written statement which:

1. Describes in detail the nature of the document and its contents; AND

2. Identifies the person who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; AND

3. Specifies the date on which the document was prepared or transmitted or both; AND

4. Specifies, if possible the date on which the document was lost or destroyed, and, if destroyed, the conditions or the reasons for such destruction and the persons requesting and performing the destruction.

If any document otherwise required to be produced by this request is withheld on the grounds of privilege or otherwise, you shall identify the document by document control number if available, or other sufficient information to identify the document and the reasons for the non-disclosure.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    8                         DISCOVERY

This request for production of documents is continuing and any document obtained or located subsequent to production, which would have been produced, had it been available or its existence known at the time is to be supplied forthwith. .

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.        9        DISCOVERY

"Identify" means that you should state:

    (a) any and all names, legal, trade or assumed; AND

    (b) all addresses used; AND

    (c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce a copy of all documents or computerized records, kept in any form or manner, known to you or believed by you to exist concerning any of the events described in Plaintiff's Complaint or concerning any of the events which are the subject[s] of any allegations, defense[s] or contentions you have raised to this lawsuit or in connection with this lawsuit.

**ANSWER:**

**REQUEST NO. 2:** Please produce a complete and legible copy, transcription and summary of any statement[s], in any recorded format, provided to you or your attorneys in connection with any of the facts, asserted by any person, in this lawsuit and, if the witness produce any tangible item, please produce that item for inspection and copying at the time of your responses or produce a copy of that item with your responses.

**ANSWER:**

///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.          10          DISCOVERY

1  **REQUEST NO. 3:**

2  Please produce a complete and legible copy of each exhibit which you may attempt to introduce as

3  evidence at the trial of this case.

4  **ANSWER:**

5

6

7  **REQUEST NO. 4:**  For each paragraph of Plaintiff's petition for which you deny the allegations,

8  please provide a copy of any evidence or proof which you believe may support each denial.

9  **ANSWER:**

10

11

12  **REQUEST NO. 5:**  Please produce a complete and legible copy of any communications you

13  received from Plaintiff and which you sent to Plaintiff.

14  **ANSWER:**

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
024568900

Hawkes v. CCO Mortgage et al.                    11                    DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR ADMISSION

The Justice Court Rules of Civil Procedure allow a party to send up to twenty-five (25) requests for admissions to another party. Each request must contain only one fact or one contention to admit or deny. A request may inquire about whether a document is genuine or accurate. You must admit or deny each of these requests, unless you object to a request, in which case you must state a reason for your objection. You may not object on the basis that you do not have knowledge or information concerning the request unless you have first made a reasonable inquiry to obtain knowledge or information.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Responses to requests for admissions are due forty (40) days from the date they are served, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or as ordered by the court.

If you do not respond to these requests for admissions by the date provided in this notice, your failure to respond may be considered as an admission of the requests.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.        12        DISCOVERY

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed; AND

(b) all addresses used; AND

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit that you, Defendant, inaccurately reported information related to Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 2:**   Admit that you, Defendant, failed to correct the inaccurate information you reported regarding Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    13                    DISCOVERY

**REQUEST FOR ADMISSION NO. 3:** Admit that you, Defendant, received a dispute regarding Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 4:** Admit that you, Defendant, failed to have systems in place to accurately identify and relay all the pertinent details of the dispute to the party reporting such information.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 5:** Admit that you, Defendant, failed to conduct a reinvestigation regarding Plaintiff's disputed account which is the subject of this suit, after the party reporting the incorrect information verified it through the ACDV.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 6:** Admit that you, Defendant, failed to have reasonable systems in place to prevent a party that reports information, from automatically updating any manually flagged accounts, once disputes have been submitted.

☐ADMIT ☐DENY

Respectfully submitted this 8th day of July, 2016.

MCCARTHY LAW, PLC

By: 
Kevin Fallon McCarthy, Esq.
Joon N. Kee, Esq.
Attorney for Plaintiff(s)

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
:OTTSDALE, ARIZONA 85251
)2-456-0900

Hawkes v. CCO Mortgage et al.                    14                    DISCOVERY

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 JUL 12  AM 9: 30

**McCARTHY  L A W  P L C**

Kevin Fallon McCarthy, 011017
Joon Kee, 028152
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
joon.kee@mccarthylawyer.com
Attorneys for Plaintiffs

### McDOWELL MOUNTAIN JUSTICE COURT
### MARICOPA COUNTY, STATE OF ARIZONA
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

| | |
|---|---|
| MACIE HAWKES AND MICHAEL HAWKES, | Case No.: CC **2 0 1 6 1 2 2 7 5 3** |
| Plaintiffs, | **INITIAL DISCOVERY SET TO CCO MORTGAGE A DIVISION OF CITIZENS FINANCIAL GROUP INC.,** |
| v. | |
| CCO MORTGAGE A DIVISION OF CITIZENS FINANCIAL GROUP INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. AND TRANS UNION, LLC, | |
| Defendants. | |

Plaintiffs, MACIE HAWKES and MICHAEL HAWKES, give notice of service upon and requests that Defendant individually respond to the following interrogatories, requests for production, and requests for admission within sixty (60) days of service.

### PREFATORY INSTRUCTIONS TO INTERROGATORIES

The Justice Court Rules of Civil Procedure allow a party to send up to forty (40) interrogatories to another party. An interrogatory is a written question that is sent by a party to another party that must be answered in writing and under oath by the party to whom the interrogatory is sent. If you do not answer an interrogatory because you object to the interrogatory, you must state a reason for your objection.

Provide your answers in the space directly below each question. If there is not enough space for your answer to a particular question, you may continue on a blank page by including the question above your answer. After you have completed your response to the interrogatories, you must sign on the last page to affirm that you have truthfully answered the questions and that you have a good faith basis for any objections that you may have made. You must provide your original answers to interrogatories to the party who sent them to you, and you must provide a copy to every other party in the lawsuit.

Your response to these interrogatories is due forty (40) days after they have been served on you, unless the interrogatories were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
SCOTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    1                    DISCOVERY

the court. If you do not answer these interrogatories by the date provided in this notice, the party who served them may file a motion asking that the court order you to answer them. If the court enters that order, the court may also require you to pay expenses, including attorneys' fees incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party.

When an individual interrogatory calls for an answer that involves more than one party, each part of the answer should clearly set out so that it is understandable.

## **DEFINITIONS**

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

(a)     the nature of the document (e.g., letter, memorandum, contract, etc.);

(b)     the author or sender of the document;

(c)     the recipient of the document;

(d)     the date the document was authored, sent, and/or received; and

(e)     the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

CCArthy Law, PLC
250 N. Drinkwater Blvd
uite 320
cottsdale, Arizona 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    2                         DISCOVERY

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed;

(b) all addresses used; and

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## NON UNIFORM INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify the names, addresses, and telephone numbers of all persons who supplied information responsive to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    3                              DISCOVERY

1  **ANSWER:**

2

3

4  **INTERROGATORY NO. 3:** Please identify all correspondence or documents that refer or relate

5  to any correspondence or communication between you and any other person relating or referring

6  to the facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated

7  answer and/or defenses thereto.

8  **ANSWER**:

9

10

11  **INTERROGATORY NO. 4:** Please identify each person whom you may call as a witness at trial

12  including name, address, and telephone number, and the substance of the facts and opinions to

13  which the witness may testify.

14  **ANSWER**:

15

16

17  **INTERROGATORY NO. 5:**  Please list, explain and describe documents known to you or

18  believed by you to exist concerning the events described in Plaintiff's complaint or concerning any

19  event which is the subject of any defense you have raised to this lawsuit.

20  **ANSWER**:

21

22

23

24  **INTERROGATORY NO. 6:** Please identify each employee or non-employee witness or expert

25  witness you believe may have formed any opinion or consulted with you about the facts or basis

26  of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person

27  identified, please list each and every lawsuit in which that person has testified by affidavit,

28  deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    4                    DISCOVERY

1 | and describe the nature of each such statement by the person so identified. Please identify the

2 | lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial

3 | testimony, or report was made, taken or occurred.

4 | **ANSWER**:

5

6

7 | **INTERROGATORY NO. 7:** Please identify all individuals known to you or your attorney who

8 | are not witnesses, but who you have reason to believe have knowledge pertinent to the events at

9 | issue as alleged in the pleadings, and provide a brief summary of the facts to which each such

10 | person could testify. For each person, please state the following:

11 |       a.     Please state whether each such person is affiliated with, or related

12 |            to, or employed by any party (or its agents, servants, officers, or employees)

13 |            to this lawsuit;

14 |       b.     If any of the persons so listed in response to this interrogatory do not

15 |            fit the characterization in subpart (a) above, please describe the nature of

16 |            their involvement in this lawsuit;

17 |       c)     Please explain and describe your understanding of their knowledge

18 |            of such facts.

19 | **ANSWER**:

20

21

22 | **INTERROGATORY NO. 8:** Please state whether any of the individuals listed in the answers to

23 | the preceding interrogatories have given any statement[s] to you and, if so, please identify the

24 | individual giving the statement, identify the individual to whom the statement was given, the date

25 | of the statement, and whether or not the statement was written or recorded and, if it was written or

26 | recorded, identify the individual presently in possession of such writing or recording.

27

28 | ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.         5         DISCOVERY

1  **ANSWER**:

2

3

4  **INTERROGATORY NO. 9:**  Please list each exhibit which you may attempt to introduce as

5  evidence at the trial of this case, or which has been used or referred to by any witness, expert or

6  lay, on your behalf.

7  **ANSWER**:

8

9

10  **INTERROGATORY NO. 10:** For each paragraph of Plaintiff's complaint which you deny the

11  allegations, please explain and describe any facts which you believe support each denial.

12  **ANSWER**:

13

14

15  **INTERROGATORY NO. 11:**  Please explain and describe when, how and under what

16  circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs'

17  personal identifiers. List the archived data files and reports wherein any personal information about

18  Plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was

19  captured, retained and/or archived, who has possession of those reports, the manner in which the

20  reports are maintained, and the retention policy[ies] regarding those reports. This request includes

21  your normal data file retention processes.

22  **ANSWER**:

23

24

25  **INTERROGATORY NO. 12:** Please explain and describe when and how you transmit account

26  data stored in any file bearing any of Plaintiff's personal identifiers to any Consumer Reporting

27  Agency ("CRA").

28  ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                6                DISCOVERY

1   **ANSWER:**

2

3

4   **INTERROGATORY NO. 13:**   Please explain and describe any disputes you received from

5   Plaintiff or concerning Plaintiff and explain and describe your actions and disposition of your

6   actions in connection with each contact or communication.

7   **ANSWER:**

8

9

10   **INTERROGATORY NO. 14:**   Please explain and describe each Consumer Dispute Verification

11   or Automated Consumer Dispute Verification ("CDV" or "ACDV" respectively) communication

12   or other dispute communication you issued to any furnisher of credit information which pertained

13   to Plaintiff or any of his/her personal identifiers. For each such CDV, ACDV or other dispute

14   communication, please identify the person reporting such dispute, state the date the dispute was

15   received and the date you issued any response, explain and describe the dispute conveyed, and fully

16   explain and describe your response[s] on each such occasion.

17   **ANSWER:**

18

19

20   **INTERROGATORY NO. 15:**   Please list, explain and describe each and every code contained in

21   each reinvestigation record and file and retained computer record and screen/file you generated

22   and accessed regarding Plaintiff. For each such code, please also explain and describe, in detail,

23   the purpose of such code, the content of such action, the duration of such action, and the reason

24   you permitted such action or entry.

25   **ANSWER:**

26

27

28   ///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02456-8900

Hawkes v. CCO Mortgage et al.       7       DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR PRODUCTION

The Justice Court Rules of Civil Procedure allow a party to request from another party up to ten (10) documents or items, or up to ten (10) categories of documents or items. If you do not produce a document or a category of documents or items because you object to a specific request, you must state a reason for your objection. A party may also request to enter on to designated land or other property to inspect it, or to take measurements, photographs, or samples.

A party who produces documents must provide them as they are kept in the usual course of business, or they must organize and label them in response to the requests. Electronic documents or electronic records must be produced in the format that has been requested or in the format that the electronic documents or records are usually kept.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Your response to requests made under this rule is due forty (40) days after the requests have been served on you, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you do not comply with the requests that have been made in this notice, the party who served them may file a motion asking that the court order you to comply. If the court enters that order, the court may also require you to pay expenses, including reasonable attorneys' fees, incurred by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a Plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

Each of the above-named parties is to produce for inspection and copying all documents in their possession or control or otherwise available to it/them that is/are responsive to the requests contained in the numbered paragraphs below. Each of the above-named parties shall specify which documents are produced in response to each of the numbered paragraphs.

If any document herein requested was formerly in the possession, custody, or control of each of the above-named parties and has been lost or destroyed, each of the above-named parties is requested to submit in lieu of each document a written statement which:

1. Describes in detail the nature of the document and its contents; AND

2. Identifies the person who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; AND

3. Specifies the date on which the document was prepared or transmitted or both; AND

4. Specifies, if possible the date on which the document was lost or destroyed, and, if destroyed, the conditions or the reasons for such destruction and the persons requesting and performing the destruction.

If any document otherwise required to be produced by this request is withheld on the grounds of privilege or otherwise, you shall identify the document by document control number if available, or other sufficient information to identify the document and the reasons for the non-disclosure.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 8525 I
J2-456-8900

Hawkes v. CCO Mortgage et al.                    8                    DISCOVERY

This request for production of documents is continuing and any document obtained or located subsequent to production, which would have been produced, had it been available or its existence known at the time is to be supplied forthwith.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the term "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.        9        DISCOVERY

"Identify" means that you should state:

    (a) any and all names, legal, trade or assumed; AND

    (b) all addresses used; AND

    (c) all telephone and tele-fax numbers used.

    "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

    "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

    The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## **REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Please produce a copy of all documents or computerized records, kept in any form or manner, known to you or believed by you to exist concerning any of the events described in Plaintiff's Complaint or concerning any of the events which are the subject[s] of any allegations, defense[s] or contentions you have raised to this lawsuit or in connection with this lawsuit.

**ANSWER:**



**REQUEST NO. 2:** Please produce a complete and legible copy, transcription and summary of any statement[s], in any recorded format, provided to you or your attorneys in connection with any of the facts, asserted by any person, in this lawsuit and, if the witness produce any tangible item, please produce that item for inspection and copying at the time of your responses or produce a copy of that item with your responses.

**ANSWER:**

///

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

1   **REQUEST NO. 3:**

2   Please produce a complete and legible copy of each exhibit which you may attempt to introduce as

3   evidence at the trial of this case.

4   **ANSWER:**

5

6

7   **REQUEST NO. 4:**  For each paragraph of Plaintiff's petition for which you deny the allegations,

8   please provide a copy of any evidence or proof which you believe may support each denial.

9   **ANSWER:**

10

11

12   **REQUEST NO. 5:**  Please produce a complete and legible copy of any communications you

13   received from Plaintiff and which you sent to Plaintiff.

14   **ANSWER:**

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ///

cCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                11                DISCOVERY

## PREFATORY INSTRUCTIONS TO REQUEST FOR ADMISSION

The Justice Court Rules of Civil Procedure allow a party to send up to twenty-five (25) requests for admissions to another party. Each request must contain only one fact or one contention to admit or deny. A request may inquire about whether a document is genuine or accurate. You must admit or deny each of these requests, unless you object to a request, in which case you must state a reason for your objection. You may not object on the basis that you do not have knowledge or information concerning the request unless you have first made a reasonable inquiry to obtain knowledge or information.

You must provide your original response to requests under this rule to the party who sent them to you, and you must provide a copy to every other party in the lawsuit. Responses to requests for admissions are due forty (40) days from the date they are served, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or as ordered by the court.

If you do not respond to these requests for admissions by the date provided in this notice, your failure to respond may be considered as an admission of the requests.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

    (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

    (b)    the author or sender of the document;

    (c)    the recipient of the document;

    (d)    the date the document was authored, sent, and/or received; and

    (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

CCarthy Law, PLC
250 N. Drinkwater Blvd
uite 320
cottsdale, Arizona 85251
02-456-8900

Hawkes v. CCO Mortgage et al.                    12                          DISCOVERY

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed; AND

(b) all addresses used; AND

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit that you, Defendant, reported to one or more Consumer Reporting Agency ("CRA") account information bearing the personal identifier[s] of Plaintiff.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 2:**  Admit that you, Defendant, failed to report to one or more CRA(s) that Plaintiff's account beginning in 293890040 was foreclosed upon.

☐ADMIT ☐DENY

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900

Hawkes v. CCO Mortgage et al.                    13                    DISCOVERY

1   **REQUEST FOR ADMISSION NO. 3:**   Admit that you, Defendant, failed to conduct an

2   investigation in response a dispute received through one or more CRA(s) on Plaintiff's account

3   beginning in 293890040.

4   ☐ADMIT ☐DENY

5

6   **REQUEST FOR ADMISSION NO. 4:**   Admit that you, Defendant, waived your rights to pursue

7   any purported deficiency balance on Plaintiff's account beginning in 293890040.

8   ☐ADMIT ☐DENY

9

10   **REQUEST FOR ADMISSION NO. 5:**   Admit that you, Defendant, failed to report to one or

11   more CRA(s) that Plaintiff's account beginning in 293890040 had a zero balance due.

12   ☐ADMIT ☐DENY

13

14   **REQUEST FOR ADMISSION NO. 6:**   Admit that you, Defendant, failed to accurate report data

15   to one or more CRA(s) regarding Plaintiff's account beginning in 293890040.

16   ☐ADMIT ☐DENY

17

18   Respectfully submitted this 8th day of July, 2016.

19   MCCARTHY LAW, PLC

20   By:

21   Kevin Fallon McCarthy, Esq.
    Joon N. Kee, Esq.

22   Attorney for Plaintiffs

23

24

25

26

27

28

CCARTHY LAW, PLC
250 N. DRINKWATER BLVD
UITE 320
COTTSDALE, ARIZONA 85251
02-456-8900

Hawkes v. CCO Mortgage et al.          14          DISCOVERY

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

16 JUL 12  AM 9: 27

**McCarthy  Law  PLC**
Candid Conversation. Wise Counsel.

1

2   Kevin Fallon McCarthy, 011017
    Joon N. Kee, 028152
3   4250 North Drinkwater Blvd, Suite 320
    Scottsdale, AZ 85251
    602-456-8900
4   joon.kee@mccarthylawyer.com
    Attorneys for Plaintiffs
5

ORIGINAL

6           McDOWELL MOUNTAIN JUSTICE COURT
            MARICOPA COUNTY, STATE OF ARIZONA
7           18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

8   MACIE HAWKES AND MICHAEL          Case No.: CC 2 0 1 6 1 2 2 7 5 3
    HAWKES,
9
                                      **COMPLAINT FOR VIOLATION OF**
10          Plaintiffs,               **FAIR CREDIT REPORTING ACT (15**
                                      **U.S.C. § 1681 et seq.)**
11  v.

12  CCO MORTGAGE A DIVISION OF
    CITIZENS FINANCIAL GROUP INC.,
13  EQUIFAX INFORMATION SERVICES,
    LLC, EXPERIAN INFORMATION
14  SOLUTIONS, INC. AND TRANS UNION,
    LLC,
15          Defendants.

16          COMES NOW Plaintiffs, Macie Hawkes and Michael Hawkes ("Plaintiffs"), by and

17  through counsel undersigned, and for his cause of action against the Defendants above-named

18  alleges as follows:

19          1.      That Plaintiffs is and was at all times hereinafter mentioned a resident of Maricopa

20  County, Arizona.

21          2.      That, on information and belief, Defendant, CCO Mortgage a division of Citizens

22  Financial Group, Inc. ("CCO Mortgage"), is, and at all times relevant hereto was, a Foreign

23  Corporation authorized to do business in Arizona and has designated the following service address

24  to be: CCO MORTGAGE, DEPT: SUBPOENA / SUMMONS PROCESSING, 1 CITIZENS

25  DRIVE, RIVERSIDE, RHODE ISLAND 02915, MAILSTOP: ROP210.

26          3.      That, on information and belief, Defendant, CCO Mortgage, is, and at all times

27  relevant hereto was, regularly doing business in the State of Arizona.

28

McCarthy Law, PLC
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900

Hawkes v. CCO Mortage et al.                    1                        COMPLAINT

4.      That, on information and belief, Defendant, Equifax Information Services, LLC ("Equifax"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Arizona and has designated the following registered statutory agent: CORPORATION SERVICE COMPANY, 2338 WEST ROYAL PALM ROAD, STE J, PHOENIX, ARIZONA 85021.

5.      That, on information and belief, Defendant, Equifax, is, and at all times relevant hereto was, regularly doing business in the State of Arizona.

6.      That, on information and belief, Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Arizona and has designated the following registered statutory agent: CT CORPORATION SYSTEM, 3800 NORTH CENTRAL AVENUE, SUITE 460, PHOENIX, ARIZONA 85012.

7.      That, on information and belief, Defendant, Experian, is, and at all times relevant hereto was, regularly doing business in the State of Arizona.

8.      That, on information and belief, Defendant, Trans Union LLC ("Trans Union"), is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business in Arizona and has designated the following registered statutory agent: PRENTICE-HALL CORP SYSTEM, 2338 WEST ROYAL PALM ROAD, STE J, PHOENIX, AZ 85021.

9.      That, on information and belief, Defendant, Trans Union, is, and at all times relevant hereto was, regularly doing business in the State of Arizona.

10.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendant as it had the necessary minimum contacts with the State of Arizona and this suit arises out of its specific conduct with Plaintiffs in Arizona.  All the actions described in this suit occurred in the State of Arizona.

11.     That on or about November 8, 2006, Plaintiffs purchased a single dwelling home with a size smaller than 2.5 acres in Maricopa County, Arizona, specifically located at 1334 South

MCCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900

Hawkes v. CCO Mortage et al.                2                          COMPLAINT

1  Salem, Mesa, AZ, 85206, ("Residence") and financed such purchase via purchase money

2  mortgages.

3       12.    That on or about November 8, 2006, Plaintiffs entered into security agreements with

4  First Horizon Home Loan Corporation (FHHLC), and FHHLC respectively secured their interests

5  through two separate Deeds of Trusts in first and second priority. Exhibit A

6       13.    That on or about December 3, 2009, FHHLC assigned their rights under the Deed

7  of Trust in the second priority to RBS Citizens, N.A., aka COO Mortgage. Exhibit B

8       14.    That on or about January 21, 2011, FHHLC assigned their rights under the Deed of

9  Trust in the first priority to Everbank. Exhibit C

10      15.    That the COO Mortgage account begins in 293890040xxxx ("Account").

11      16.    That on or about February 9, 2011, a Trustee's Sale was set for May 11, 2011 on

12  the Residence ("TT Sale"). Exhibit D

13      17.    That the TT Sale did occur on May 11, 2011 on the Residence leaving Plaintiffs

14  with no balance owed to CCO Mortgage on the Account. See Exhibit E

15      18.    That COO Mortgage failed to bring any action on the Account, against Plaintiffs or

16  any other party, to assert any purported monetary deficiency within the statutory timeframe on the

17  Residence after the TT Sale.

18      19.    That the Plaintiffs are consumers and victims of inaccurate credit reporting by

19  Defendants as a balance is still reporting on their credit reports as owed on the Account.

20      20.    That the Defendant CCO Mortgage is willfully reporting derogatory and inaccurate

21  information about Plaintiffs to one or more consumer reporting agencies ("CRAs") as defined by

22  15 U.S.C. § 1681a.

23      21.    That the Defendants Equifax, Experian, and Trans Union (collectively referred to

24  as the "Defendant CRAs") are willfully reporting derogatory and inaccurate information about

25  Plaintiffs to third-parties.

26      22.    That Plaintiffs have sent written disputes regarding the accuracy of the derogatory

27  information reported by the Defendant CCO Mortgage pertaining to the Account, to the Defendant

28  CRAs. Exhibits F-K

MCCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900

Hawkes v. CCO Mortage et al.         3         COMPLAINT

23.    That Defendant CCO Mortgage willfully failed to correct the inaccurate reporting of the Account to Defendant CRAs in violation of 15 U.S.C. § 1681s-2 and to the detriment of the consumer Plaintiffs. Exhibits L-Q

24.    That Defendant CRAs have failed to correct the inaccurate reporting of the Account in violation of FCRA § 1681i and to the detriment of the consumer Plaintiffs. Exhibits L-Q

25.    That Defendant CRAs willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiffs' credit reports in violation of 15 U.S.C. § 1681e.

26.    That the foregoing acts and omissions of the Defendants constitute unacceptable violations of the FCRA.

27.    As a result of the foregoing, Plaintiffs have suffered damages in an amount to be shown at trial, but not exceeding $10,000.

WHEREFORE, Plaintiffs seeks a reasonable and fair judgment against defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681n and demands:

1.    Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

2.    Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

3.    The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiffs pursuant to 15 U.S.C. § 1681n(a)(3); and

4.    Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this ⌒8Th day of July, 2016.

MCCARTHY LAW, PLC

By:

Jeon N. Kee, Esq.
Kevin Fallon McCarthy, Esq.
Attorneys for Plaintiffs

MCCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602.456.8900

Hawkes v. CCO Mortage et al.                    4                    COMPLAINT

# EXHIBIT A

Unofficial Document

Return To:
FHHLC - POST CLOSING MAIL ROOM

1555 W WALNUT HILL LN #200 MC 6712
IRVING, TX 75038

79
Go

Prepared By:
FIRST HORIZON HOME LOAN CORPORATION

2375 EAST CAMELBACK ROAD, SUITE 380
PHOENIX, AZ 85016

00000794 - 3/4   [Space Above This Line For Recording Data]

0059227116

# DEED OF TRUST

MIN   100085200592271169

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   November 8th, 2006 together with all Riders to this document.
(B) "Borrower" is
MICHAEL C. HAWKES &
MACIE J. HAWKES, Husband & Wife

Borrower is the trustor under this Security Instrument. Borrower's mailing address is
1313 NORTH 66TH STREET, MESA, Arizona 85205
(C) "Lender" is FIRST HORIZON HOME LOAN CORPORATION

Lender is a  CORPORATION
organized and existing under the laws of   THE STATE OF KANSAS

ARIZONA -Single Family- Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
Form 3003 1/01
VMP -6A(AZ) (0510)   (rev. 6/02)
Page 1 of 15   Initials: _____

VMP Mortgage Solutions, Inc.

Lender's mailing address is  **4000 Horizon Way**
**Irving, Texas 75063**
(D) "Trustee" is  **US TITLE AGENCY**
. Trustee's mailing address is

**8700 E. VISTA BONITA DRIVE, #160, SCOTTSDALE, AZ 85255**

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated  **November 8th, 2006**
The Note states that Borrower owes Lender
 **ONE HUNDRED NINETY FIVE THOUSAND ONE HUNDRED TWENTY & 00/100**        Dollars
(U.S. $       **195,120.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than  **DECEMBER 1, 2036**
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [x] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

Unofficial Document

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to

**0059227116**
(vmp) -6A(AZ) (0510)                    Page 2 of 16          Initials: _NH_ _NH_
                                                              Form 3003  1/01 (rev. 6/02)

time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

County            of   Maricopa
[Type of Recording Jurisdiction]        [Name of Recording Jurisdiction]

All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.

Unofficial Document

Parcel ID Number: County: 141-53-742 City:          which currently has the address of
1334 SOUTH SALEM                              [Street]
MESA                             [City] , Arizona   85206     [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

0059227116
VMP®-6A(AZ) (0510)               Page 3 of 15         Initials: _____     Form 3003   1/01 (rev. 6/02)

**20061511270**

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in

Initials: _[initials]_

writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within

**20061511270**

10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if

-6A(AZ) (0510)                          Page 6 of 15          Initials: _Noel P. Hoff_          Form 3003  1/01 (rev. 6/02)

any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to

protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

Initials: _____                      Form 3003 1/01 (rev. 6/02)

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in

-8A(AZ) (0510)                    Page 11 of 15                    Initials: ___    Form 3003   1/01 (rev. 6/02)

connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.