20061511270

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which any part of the Property is located and shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. After the time required by Applicable Law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale. Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the county treasurer of the county in which the sale took place.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **Substitute Trustee.** Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

25. **Time of Essence.** Time is of the essence in each covenant of this Security Instrument.

20061511270

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                        MICHAEL C. HAWKES                 -Borrower

_____          _____ (Seal)
                                        MACIE J. HAWKES                   -Borrower

_____ (Seal)    _____ (Seal)
                  -Borrower                                               -Borrower

                                Unofficial Document

_____ (Seal)    _____ (Seal)
                  -Borrower                                               -Borrower

_____ (Seal)    _____ (Seal)
                  -Borrower                                               -Borrower

**0059227116**
(VMP)-6A(AZ) (0510)              Page 14 of 15              Form 3003  1/01 (rev. 6/02)

20061511270

STATE OF ARIZONA,　　　　MARICOPA　　　　　County ss:

The foregoing instrument was acknowledged before me this 11-8-2006
by　MICHAEL C. HAWKES & MACIE J. HAWKES

My Commission Expires:

3-15-2008



Notary Public

OFFICIAL SEAL
MICHAEL J. KAYLOR
NOTARY PUBLIC - STATE OF ARIZONA
MARICOPA COUNTY
My Comm. Expires Mar. 15, 2008

Unofficial Document

0059227116
VMP -6A(AZ) (0510)

Page 15 of 15

Initials: _____
Form 3003  1/01  (rev. 6/02)

20061511270

File No:  00000794

## EXHIBIT "A"

Lot 8, of SUMMERLIN VILLAGE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 696 of Maps, Page 16; and Affidavit of Correction recorded in Document No. 2005-776181, records of Maricopa County, Arizona.

Unofficial Document

# FIXED/ADJUSTABLE RATE RIDER
### (One-Year Treasury Index - Rate Caps - Ten - Year Interest Only Period)

THIS FIXED/ADJUSTABLE   RATE RIDER is made this **8th** day of **November, 2006** , and is incorporated  into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument")  of the same date given by the undersigned  ("Borrower") to secure Borrower's Fixed/Adjustable  Rate Note (the "Note") to **FIRST HORIZON HOME LOAN CORPORATION** .

("Lender") of the same date and covering the property described in the Security Instrument and located at:
**1334 SOUTH SALEM,
MESA, AZ 85206**

[Property Address]

**THE  NOTE  PROVIDES  FOR A CHANGE  IN BORROWER'S   FIXED INTEREST  RATE  TO AN ADJUSTABLE  INTEREST  RATE. THE  NOTE LIMITS  THE  AMOUNT  BORROWER'S   ADJUSTABLE   INTEREST   RATE CAN  CHANGE   AT  ANY  ONE  TIME  AND  THE  MAXIMUM   RATE BORROWER MUST PAY.**

**ADDITIONAL  COVENANTS.** In addition.. ..ie covenants  and agreements  made in the Security Instrument, Borrower and Lender further covenant and agree as follows:
**A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
The Note provides  for an initial fixed interest  rate of     **5.875**     %. The Note also provides  for a change in the initial fixed rate to an adjustable  interest rate, as follows:
**4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
   **(A) Change  Dates**
The initial fixed interest  rate I will pay will change to an adjustable  interest rate on the first day of   **December, 2011**                , and the adjustable interest rate I will pay may change  on that day every 12th month thereafter.  The date on which my initial fixed interest  rate changes  to an adjustable  interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."
   **(B) The Index**
Beginning  with the first Change Date, my adjustable  interest  rate will be based on an Index. The "Index" is the weekly  average  yield on United  States Treasury  securities adjusted  to a constant  maturity  of one year, as made available  by. the Federal Reserve Board. The most recent Index figure available  as of the date 45 days before each Change Date is called the "Current Index."

0059227116
**MULTISTATE   FIXED/ADJUSTABLE   RATE  RIDER - ONE-YEAR   TREASURY   INDEX - Ten-Year Interest Only Period** - Single  Family - Fannie Mae Uniform  Instrument
**Form 3152 2/06**
⊗-178R  (0603)
Page 1 of 4         Initials: _Vretl44_
VMP Mortgage Solutions, Inc.



20061511270

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO AND THREE-QUARTERS                               percentage points ( 2.750 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of my monthly payment. For payment adjustments occurring before the First Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay all accrued interest each month on the unpaid principal balance at the new interest rate. If I make a voluntary payment of principal before the First Principal and Interest Payment Due Date, my payment amount for subsequent payments will be reduced to the amount necessary to repay all accrued interest on the reduced principal balance at the current interest rate. For payment adjustments occurring on or after the first Principal and Interest Payment Due Date, the amount of my monthly payment will be sufficient to repay unpaid principal and interest that I am expected to owe in full on the Maturity Date at the current interest rate in substantially equal payments.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.875 % or less than Unofficial Document 2.750 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 10.875 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**(G) Date of First Principal and Interest Payment**

The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be that date which is the 10th anniversary date of the first payment due date, as reflected in Section 3(A) of the Note.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

0059227116

-178R (0603)                     Page 2 of 4                     Form 3152 2/06

Initials: _[signature]_

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

0059227116

VMP-178R (0603)                              Page 3 of 4                    Initials: _____    Form 3152 2/06

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____(Seal)          _____(Seal)
MICHAEL C. HAWKES         -Borrower       MACIE J. HAWKES         -Borrower

_____(Seal)          _____(Seal)
                          -Borrower                               -Borrower

_____(Seal)          _____(Seal)
                          -Borrower                               -Borrower

Unofficial Document

_____(Seal)          _____(Seal)
                          -Borrower                               -Borrower

0059227116
VMP-178R (0603)                  Page 4 of 4                  Form 3152 2/06

20061511270

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this    8th      day of
**November, 2006**      , and is incorporated into and shall be
deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the
"Security Instrument") of the same date, given by the undersigned (the "Borrower") to
secure Borrower's Note to
**FIRST HORIZON HOME LOAN CORPORATION**

(the "Lender") of the same date and covering the Property described in the Security
Instrument and located at:
**1334 SOUTH SALEM, MESA, Arizona 85206**

[Property Address]
The Property includes, but is not limited to, a parcel of land, improved with a dwelling,
together with other such parcels and certain common areas and facilities, as described in
**Covenants, Conditions and Restrictions of Record**

(the "Declaration"). The Property is unofficialDocument, a planned unit development known as

**SUMMERLIN VILLAGE**

[Name of Planned Unit Development]
(the "PUD"). The Property also includes Borrower's interest in the homeowners association
or equivalent entity owning or managing the common areas and facilities of the PUD (the
"Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the
PUD's Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii)
articles of incorporation, trust instrument or any equivalent document which creates the
Owners Association; and (iii) any by-laws or other rules or regulations of the Owners
Association. Borrower shall promptly pay, when due, all dues and assessments imposed
pursuant to the Constituent Documents.

0059227116
**MULTISTATE PUD RIDER** - Single Family - **Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT**
**Form 3150 1/01**

VMP Mortgage Solutions, Inc. (800)521-7291     Initials: _velf/MH_

VMP-7R (0411)

20061511270

**B. Property Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium installments for property insurance on the Property; and (ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 11.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

0059227116

VMP®-7R (0411)                    Page 2 of 3              Initials: _____        Form 3150 1/01

20061511270

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)          _____ (Seal)
MICHAEL C. HAWKES          -Borrower          MACIE J. HAWKES          -Borrower

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

Unofficial Document

_____ (Seal)          _____ (Seal)
-Borrower          -Borrower

0059227116
-7R (0411)                    Page 3 of 3                    Form 3150 1/01

Unofficial
20 Document

79
Go

00000794 - 4/4

## DEED OF TRUST

0059227140

THIS DEED OF TRUST is made this     8th     day of     November,     2006
among the Trustor,
**MICHAEL C. HAWKES & MACIE J. HAWKES, Husband & Wife**

(herein "Borrower"),

**UB TITLE**
**FIRST HORIZON HOME LOAN CORPORATION**

(herein "Trustee"), and the Beneficiary,

, a corporation organized and

existing under the laws of    **THE STATE OF KANSAS**           , whose address is
**4000 Horizon Way, IRVING, TX 75063**            (herein "Lender").

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the County of      **Maricopa**         , State of Arizona:

**All that tract or parcel of land as shown on Schedule "A" attached hereto which is incorporated herein and made a part hereof.**

which has the address of    **1334 SOUTH SALEM**                              [Street]
**MESA**                 [City], Arizona     **85206**       [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property;"

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated **November 8th, 2006**            and extensions and renewals thereof (herein "Note"), in the principal sum of U.S. $    **36,585.00**        , with interest thereon, providing for monthly installments of principal and interest, with the balance of the indebtedness, if not sooner paid, due and payable on    **December 1st, 2021**            ; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal and Interest. Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

2. Funds for Taxes and Insurance. Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

**ARIZONA** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT

-76(AZ) (0810)

Page 1 of 4

VMP Mortgage Solutions, Inc.

Form 3803
Amended 6/02

Initials: _____

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

3. Application of Payments. Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

4. Prior Mortgages and Deeds of Trust; Charges; Liens. Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

5. Hazard Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments. Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

7. Protection of Lender's Security. If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. Inspection. Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. Condemnation. The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

10. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

0059227140
-76(AZ) (0810)    Page 2 of 4    Form 3803    Initials:

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed of Trust at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall give notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which the Property or some part thereof is located and shall mail copies of such notice in the manner prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. After the lapse of such time as may be required by applicable law and after publication and posting of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder for cash at the time and place designated in the notice of sale. Trustee may postpone sale of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto, or to the county treasurer of the county in which the sale took place.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to the earlier to occur of (i) sale of the Property pursuant to the power of sale contained in this Deed of Trust or (ii) entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such

action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

20. **Release.** Upon payment of all sums secured by this Deed of Trust, Lender shall release this Deed of Trust without charge to Borrower. Borrower shall pay all costs of recordation, if any.

21. **Substitute Trustee.** Lender may, for any reason or cause, from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

22. **Time of Essence.** Time is of the essence of each covenant of this Deed of Trust.

23. **Mailing Addresses.** Borrower's mailing address is the Property Address. Trustee's mailing address is

8700 EAST VISTA BONITA DRIVE #160, SCOTTSDALE, AZ 85255

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____ (Seal)
MICHAEL C. HAWKES                -Borrower

_____ (Seal)
MACIE J. HAWKES                  -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

*(Sign Original Only)*

STATE OF ARIZONA,            MARICOPA
The foregoing instrument was acknowledged before me this   11-8-2006
by MICHAEL C. HAWKES & MACIE J. HAWKES

OFFICIAL SEAL
MICHAEL J. KAYLOR
NOTARY PUBLIC - STATE OF ARIZONA
MARICOPA COUNTY
My Comm. Expires Mar. 15, 2008

County ss:

_____
Notary Public

My Commission Expires: 3-15-2008

AFTER RECORDING PLEASE RETURN TO:
FHMLC - POST CLOSING MAIL ROOM

1555 W WALNUT HILL LN #200 MC 6712
IRVING, TX 75038

0059227140

-76(AZ) (0810)                Page 4 of 4                Form 3803

20061511271

File No:   00000794

# EXHIBIT "A"

Lot 8, of SUMMERLIN VILLAGE, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 696 of Maps, Page 16; and Affidavit of Correction recorded in Document No. 2005-776181, records of Maricopa County, Arizona.

Unofficial Document

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this  8th          day of
**November, 2006**                    , and is incorporated into and shall be
deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the
"Security Instrument") of the same date, given by the undersigned (the "Borrower") to
secure Borrower's Note to
. **FIRST HORIZON HOME LOAN CORPORATION**
(the "Lender") of the same date and covering the Property described in the Security
Instrument and located at:

   **1334 SOUTH SALEM, MESA, Arizona 85206**
                         [Property Address]
The Property includes, but is not limited to, a parcel of land improved with a dwelling,
together with other such parcels and certain common areas and facilities, as described in
   **Covenants, Conditions and Restrictions of Record**

(the "Declaration"). The Property is a part of a planned unit development known as
   **SUMMERLIN VILLAGE**

                         [Name of Planned Unit Development]
(the "PUD"). The Property also includes Borrower's interest in the homeowners association
or equivalent entity owning or managing the common areas and facilities of the PUD (the
"Owners Association") and the uses, benefits and proceeds of Borrower's interest.

   **PUD COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

   **A. PUD Obligations.** Borrower shall perform all of Borrower's obligations under the
PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii)
articles of incorporation, trust instrument or any equivalent document which creates the
Owners Association; and (iii) any by-laws or other rules or regulations of the Owners
Association. Borrower shall promptly pay, when due, all dues and assessments imposed
pursuant to the Constituent Documents.

   0059227140
**MULTISTATE PUD RIDER** - Single Family/Second  Mortgage                          3/99
                         Page 1 of 3                         Initials: _Vett_ _Wll_
VMP-207R (0411)         VMP Mortgage Solutions, Inc. (800)521-7291

**20061511271**

**B. Hazard Insurance.** So long as the Owners Association maintains, with a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts (including deductible levels), for the periods, and against loss by fire, hazards included within the term "extended coverage," and any other hazards, including, but not limited to, earthquakes and floods, for which Lender requires insurance, then: (i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 9.

**E. Lender's Prior Consent**. Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain; (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

-207R (0411)                          Page 2 of 3                     Initials: _____     3/99

20061511271

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this PUD Rider.

_____ (Seal)          _____ (Seal)
MICHAEL C. HAWKES          -Borrower       MACIE J. HAWKES          -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                -Borrower

0059227140

VMP®-207R (0411)                Page 3 of 3                          3/99

20061511271

# BALLOON PAYMENT RIDER
## TO THE SECURITY INSTRUMENT

Borrower Name:   **MICHAEL C. HAWKES & MACIE J. HAWKES**

Property Address:   **1334 SOUTH SALEM**
**MESA, AZ 85206**

Loan Number:   **0059227140**

THE TERMS OF THE LOAN CONTAIN PROVISIONS WHICH WILL REQUIRE A BALLOON PAYMENT AT MATURITY.

THE AMORTIZATION OF PRINCIPAL AND INTEREST IS BASED ON A   30   YEAR FACTOR AND WOULD AMORTIZE THE PRINCIPAL LOAN ON A   30   YEAR SCHEDULE, BUT SINCE THE FULL BALANCE IS PAYABLE IN   180   MONTHS, A BALLOON PAYMENT OF $   28,232.56   WILL BE REQUIRED ON **December 1st**  , 202**1** .

The loan is payable in full at the end of   15   year(s). You must repay the entire principal balance of the loan and the unpaid interest then due. The lender is under no obligation to refinance the loan at that time. You will, therefore, be required to make payment out of other assets you may own, or you will have to find a lender willing to lend you the money at the prevailing market rate, which may be considerably higher or lower than the rate on this loan.

If you refinance this loan at maturity, you may have to pay some or all closing costs normally associated with a new loan, even if you obtain refinancing from the same lender.

I/We hereby acknowledge receipt of the above notice relating to the balloon payment provision of this loan, which have also been explained to me/us.

_____  (Seal)                    _____  (Seal)
**MICHAEL C. HAWKES**       -Borrower                 **MACIE J. HAWKES**        -Borrower

_____  (Seal)                    _____  (Seal)
                            -Borrower                                            -Borrower

_____  (Seal)                    _____  (Seal)
                            -Borrower                                            -Borrower

_____  (Seal)                    _____  (Seal)
                            -Borrower                                            -Borrower

Balloon Payment Rider – No CRR  0605              Page 1 of 1                         FH6D03X

20061511271

0059227140

## RIDER TO DEED OF TRUST/MORTGAGE/SECURITY DEED

Date:                11/08/2006

The escrow of taxes and insurance required in Paragraph 2 of your DEED OF
TRUST/MORTGAGE/SECURITY DEED to

**FIRST HORIZON HOME LOAN CORPORATION**
is hereby waived and you are notified that you are not required to deposit with

**FIRST HORIZON HOME LOAN CORPORATION**
any of the amounts set forth in said paragraph, provided:

    (a)    Escrows for future taxes and insurance premiums are being collected and maintained by
                the holder or servicer of the mortgage loan superior to our lien; or

    (b)    If you pay your own taxes and insurance premiums, you fulfill your obligation to keep
                taxes and insurance premiums current with respect to the property secured hereby.

This waiver does not, in any way, release you from your obligation to make escrow payments of taxes
and insurance to the holder of any prior mortgage, nor does it relieve you of your obligation to keep
taxes and insurance premiums current with respect to the secured property.

All payments will be applied first to the accrued interest and next to the unpaid principal of your loan.
The exact amount of your final payment, finance charge, and total of payments will be somewhat more
or less than the amounts shown if we do not receive each payment on the scheduled payment date.

RECEIPT ACKNOWLEDGED:

_____    _____
MICHAEL C. HAWKES                    MACIE J. HAWKES

_____    _____

_____    _____

_____    _____

2nd Rider                                        CB6D082 Revised 8/01

# EXHIBIT B

Unofficial
Document

Recording Requested By:
RBS Citizens, N.A.
Prepared By: Casey Williams
888-603-9011
When recorded mail to:
FA Document Solutions
450 E. Boundary St
Chapin, SC 29036

Case Nbr:  9186750
Ref Number:  8900404834
Property Address:
1334S S Salem
Mesa, AZ 85206-6834
A20-ADT          12/3/2009                                This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is 165 MADISON AVENUE MEMPHIS, TN 38103 does hereby grant, sell, assign, transfer and convey unto RBS CITIZENS, N.A. whose address is 10561 TELEGRAPH ROAD, GLEN ALLEN VA 23059 all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:        **FIRST HORIZON HOME LOAN CORPORATION**
Borrower(s):            **MICHAEL C. HAWKES & MACIE J. HAWKES, HUSBAND & WIFE**
Original Trustee:       **US TITLE**
Date of Deed of Trust: 11/8/2006     Original Loan Amount: **$36,585.00**
Recorded in Maricopa County, AZ on: 11/17/2006, book N/A, page N/A and instrument number 20061511271

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on 12/3/2009

                                    **FIRST TENNESSEE NATIONAL BANK SUCESSOR
                                    THROUGH MERGER WITH FIRST HORIZON
                                    HOME LOANS CORPORATION**

                                    By: _Ronald E. Rooney_
                                    Ronald E. Rooney, Limited Vice President

State of SC, County of Lexington

The foregoing instrument was acknowledged before me, a Notary Public, on 12/3/2009 by Ronald E. Rooney, Limited Vice President of FIRST TENNESSEE NATIONAL BANK SUCESSOR THROUGH MERGER WITH FIRST HORIZON HOME LOANS CORPORATION on behalf of the corporation.

_Jamie Harris_
Notary Public: Jamie Harris
My Commission Expires: 3/30/2019

**JAMIE HARRIS**
Notary Public
South Carolina
My Commission Expires March 30, 2019

# EXHIBIT C

Unofficial
20Document

**RECORDING REQUESTED BY:**

**WHEN RECORDED MAIL TO:**
Everhome Mortgage Company/Fidelity
8100 Nations Way
Jacksonville FL 32256

04
Ma

T&B NO.: 11-02064
APN: 141-53-742
MIN NO.: 100085200592271169

## CORPORATION ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns and transfers to EverBank all beneficial interest under that certain Deed of Trust dated 11/08/2006 executed by Michael C. Hawkes & Macie J. Hawkes, Husband & Wife Trustor, to US Title Agency Trustee, and recorded on 11/17/2006 as Instrument No. 2006-1511270 on   in Book Page of Official Records of Maricopa County, AZ describing the land therein:

**AS PER DEED OF TRUST MENTIONED ABOVE.**

Together with the Note or Notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust

Date : February 7, 2011  Effective Date: 01/21/2011

Mortgage Electronic Registration Systems, Inc., as nominee for First Horizon Home Loan Corporation, its successors and assigns

By : Ann Johnson

Its: Assistant Secretary

STATE OF   FL
COUNTY OF   DUVAL

On February 7, 20 11, before me, Sally L. Goodale                    , a Notary Public for said State, personally appeared   Ann Johnson                     personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature Sally L. Goodale

SALLY L. GOODALE
Commission # DD 857119
Expires February 2, 2013
Bonded Thru Troy Fain Insurance 800-385-7019

# EXHIBIT D

Unofficial

20Document

WHEN RECORDED MAIL TO:

**TIFFANY & BOSCO, P.A.**
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016

04
Ma

---

FNMA
Title No: 110045066-AZ-GTI
FHA/VA No.:

---

## NOTICE OF TRUSTEE'S SALE
### File ID. #11-02064 Hawkes

Notice is hereby given that **Michael A. Bosco, Jr., Attorney at Law**, as trustee (or successor trustee, or substituted trustee), pursuant to the Deed of Trust which had an original balance of **$195,120.00** executed by **Michael C. Hawkes & Macie J. Hawkes, Husband & Wife, 1313 North 66th Street, Mesa, AZ 85205**, dated November 8, 2006 and recorded on **11/17/06** as Recording No./Book-Page **2006-1511270** of Official Records in the office of the County Recorder of **Maricopa** County, State of Arizona, will sell the real property described herein by public auction on **May 11, 2011 at 10:00 A.M. at the office of Michael A. Bosco, Jr., 7720 North 16th Street, Suite 300, in the City of Phoenix, County of Maricopa, State of Arizona,** , to the highest bidder for cash (in the forms which are lawful tender in the United States and acceptable to the Trustee, payable in accordance with ARS 33-811A), all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and more fully described as:

Lot 8, of SUMMERLIN VILLAGE, according to the Plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 696 of Maps, Page 16; and Affidavit of Correction recorded in Document No. 2005-776181, records of Maricopa County, Arizona.

The street address/location of the real property described above is purported to be:

**1334 South Salem**
**Mesa, AZ  85206**
**Tax Parcel No.: 141-53-742**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

*(Notice of Sale continued following page .........)*

*Page 2 of Notice of Trustee's Sale*
*File ID: 11-02064 Hawkes*

The beneficiary under the aforementioned Deed of Trust has accelerated the Note secured thereby and has declared the entire unpaid principal balance, as well as any and all other amounts due in connection with said Note and/or Deed of Trust, immediately due and payable.

Said sale will be made in an "as is" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided therein, and the unpaid principal balance of the Note secured by said Deed of Trust with interest thereon as proved in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

Current Beneficiary:
    EverBank
Care of / Servicer
    Everhome Mortgage Company/Fidelity
    8100 Nations Way
    Jacksonville, FL  32256

Current Trustee:
Michael A. Bosco, Jr.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
(602) 255-6035

Dated :  February 9, 2011

Michael A. Bosco, Jr., Attorney at Law
Trustee/Successor Trustee, is qualified per
ARS Section 33-803 (A)2 as a member of
The Arizona State Bar

STATE OF ARIZONA)
               ) ss.
County of Maricopa    )

This instrument was acknowledged before me on 02/09/11, by Michael A. Bosco, Jr., Attorney at Law, as Trustee/Successor Trustee.

My Commission Expires:

OFFICIAL SEAL
MARY P. DOBOS
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 22, 2014

Mary P. Dobos, Notary Public
Commission expiration is 10/22/2014 12:00:00 AM

NOTICE:  This proceeding is an effort collect a debt on behalf of the beneficiary under the referenced Deed of Trust.  Any information obtained will be used for that purpose.  Unless the loan is reinstated, this Trustee's Sale proceedings will result in foreclosure of the subject property.

NOTICE:  If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid.  The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

# EXHIBIT E

Unofficial Document

WHEN RECORDED MAIL TO :
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Ste. 300
Phoenix, AZ 85016

20

04
Pa

Forward Tax Statements to :
Everhome Mortgage Company/Fidelity
8100 Nations Way
Jacksonville, FL  32256

| T & B File # 11-02064  FNMA | |
| Mortgage Co.# 9000542222 | EXEMPT TRANSACTION – NO AFFIDAVIT |
| Title Co. # 110045066-AZ-GTI | ARS 11-1134 (B)(1) |

## TRUSTEE'S DEED UPON SALE

**Michael A. Bosco, Jr. ,** as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**Federal National Mortgage Association (Fannie Mae), a corporation organized under the laws of the United States, P. O. Box 650043, Dallas, TX 75265-0043**

herein called Grantee, the following described real property situated in **Maricopa** County, described as :

> **Lot 8, of SUMMERLIN VILLAGE, according to the Plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 696 of Maps, Page 16; and Affidavit of Correction recorded in Document No. 2005-776181, records of Maricopa County, Arizona.**

This conveyance is made pursuant to the powers including the power of sale conferred upon Trustee by said Deed of Trust executed **Michael C. Hawkes & Macie J. Hawkes, Husband & Wife** , as Trustor, recorded on 11/17/06, Instrument No./Docket-Page: **2006-1511270** Official Records in the Office of the County Recorder of **Maricopa** County, AZ and  in compliance with the laws of the State of Arizona authorizing this conveyance and is effective upon the payment by the purchaser of the price bid in accordance with ARS §§ 33-810 and 33-811.

20110415113

Trustee's Deed
Page 2
11-02064

Said property was sold by Trustee at Public auction on May 11, 2011, at the place named in the Notice of Trustee's Sale. "Grantee", being the highest bidder at such sale, became the purchaser of said property and made payment thereof to said Trustee for the amount bid, namely $204,567.14, which payment was made either entirely in cash or by the satisfaction, protanto, of the obligation then secured by said Deed of Trust, together with the foreclosure and expenses relative thereto.

IN WITNESS WHEREOF, MICHAEL A. BOSCO, JR., as Trustee, has this day caused his name to be hereunto affixed.

Michael A. Bosco, Jr.

State of Arizona )
)ss.
County of Maricopa )

The foregoing instrument was acknowledged before me this _1 2n_ day of May, 2011, by Michael A. Bosco, Jr., as Trustee.

My Commission Expires:

Notary Public

OFFICIAL SEAL
MARY P. DOBOS
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 22, 2014

# EXHIBIT F

Macie Hawkes
1230 South Sunnyvale
Mesa, AZ 85206

February 26, 2016

Equifax Information Services, LLC
PO Box 740256
Atlanta, GA 30374

Re:     Name:  Macie Hawkes
        Social Security #: ███████9681
        Date of Birth: ███████
        Report date:  02/02/16

To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I dispute on the enclosed copy of the credit report I received.

This item Citizens One Home Loans account #293890040* is not reporting a foreclosure.  I am requesting that the item be updated to reflect accurate information.

Please investigate this matter and correct the disputed item as soon as possible.

Sincerely,

Macie Hawkes

| 293890040* | | | Date Opened: 11/01/2006 | High Credit | Credit Limit | Terms Duration: 15Y | Terms Frequency: Monthly | Months Hist: 73 | Activity Designator | *Forclos* | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymt | Actual Paymt Amount | Scheduled Paymt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/21/2016 | $35,238 | $16,712 | 10/2010 | $0 | $0 | 12/2010 | | 05/2011 | $35,238 | | | | |

Status - Charge Off; Type of Account - Mortgage; Type of Loan - Second Mortgage; Whose Account - Joint Account; ADDITIONAL INFORMATION - Charged Off Account; Second Mortgage;

Account History with Status Codes

| 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | 4 | 4 | 3 | 2 | 1 |

# EXHIBIT G

Michael Hawkes
1230 South Sunnyvale
Mesa, AZ 85206

February 29, 2016

Equifax Information Services, LLC
PO Box 740256
Atlanta, GA 30374

Re:   Name:  Michael Hawkes
      Social Security #: ███-8748
      Date of Birth: ███████
      Report date:  02/17/2016

To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I dispute on the enclosed copy of the credit report I received.

This item Citizens One account #293890040... is not reporting a foreclosure. I am requesting that the item be corrected to reflect a zero balance owed.

Please investigate this matter and correct the disputed item as soon as possible.

Sincerely,

Michael Hawkes

**Citizens One Home Loans**    PO Box 62604 GLEN ALLEN VA 23058-6260  (800) 234-6002

| Account Number | Balance | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|
| 293890040* | | | 11/08/2006 | | | 30 Years | Monthly | 74 | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Payment Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/03/2016 | $35,237 | $35,238 | 10/2010 | | $265 | 12/2010 | | 05/2011 | $35,237 | | | | |

Status - Charge Off; Type of Account - Mortgage; Type of Loan - Second Mortgage; Whose Account - Joint Account;  ADDITIONAL INFORMATION - Charged Off Account; Real Estate Mortgage; Fixed Rate;

Account History with Status Codes

| 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | 4 | 4 | 3 | 2 | 1 |

### Historical Account Information

| | Balance | Scheduled Payment Amount | Actual Payment Amount | Date of Last Payment | High Credit | Credit Limit | Amount Past Due | Type of Loan | Activity Designator |
|---|---|---|---|---|---|---|---|---|---|
| 01/16 | $35,237 | $265 | | 10/1/2010 | | | $16,712 | Second Mortgage | |

Additional Information: Charged Off Account; Fixed Rate;

| 12/15 | $35,237 | $265 | | 10/1/2010 | | | $16,446 | Second Mortgage | |

Additional Information: Charged Off Account; Fixed Rate

| 11/15 | $35,237 | $265 | | 10/1/2010 | | | $16,181 | Second Mortgage | |

Additional Information: Charged Off Account; Fixed Rate

| 10/15 | $35,237 | $265 | | 10/1/2010 | | | $15,916 | Second Mortgage | |

Additional Information: Charged Off Account; Fixed Rate

| 09/15 | $35,237 | $265 | | 10/1/2010 | | | $15,650 | Second Mortgage | |

Additional Information: Charged Off Account; Fixed Rate

| 08/15 | $35,237 | $265 | | 10/1/2010 | | | $15,385 | Second Mortgage | |

Additional Information: Charged Off Account; Fixed Rate

| 07/15 | $35,237 | $265 | | 10/1/2010 | | | $15,120 | Second Mortgage | |

Additional Information: Charged Off Account; Consumer Recalled to Active Military Duty; Fixed Rate

| 06/15 | $35,237 | $265 | | 10/1/2010 | | | $14,855 | Second Mortgage | |

Additional Information: Charged Off Account; Consumer Recalled to Active Military Duty; Fixed Rate

# EXHIBIT H

Macie J. Hawkes
1230 South Sunnyvale
Mesa, AZ 85206

May 24, 2016

Experian
P.O. Box 4500
Allen, TX 75013

Re:   Name: **Macie J. Hawkes**
      **Social Security #:** ███████9681
      **Date of Birth:** ████████

Experian,

I am writing to dispute the following incorrect information that is being reported on my credit report. I have marked the item I am disputing on the enclosed copy of the credit report I received.

This item: CITIZENS ONE, Account #: 293890040XXXX is incorrect as this was a Purchase Money Mortgage used to purchase the home and the home was sold pursuant to a Trustee's Sale in May 11, 2011. As this was a Purchase Money mortgage, there can be no deficiency balance after a Trustee's Sale. Please correct the balance to Zero ($0).

Please re-investigate this matter and correct the balance due as soon as possible to reflect the lack of deficiency balance after a Trustee Sale.

Sincerely,

/s/ Macie J. Hawkes





| | Prepared for: **MACIE J HAWKES** | Page 2 of 22 |
|---|---|---|
| | Date: **January 15, 2016** | |
| | Report number: **1752-0762-43** | |

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

**Payment history legend**

| | | | |
|---|---|---|---|
| CUR | Current/Terms of agreement met | VS | Voluntarily surrendered |
| 30 | Account 30 days past due | R | Repossession |
| 60 | Account 60 days past due | PBC | Paid by creditor |
| 90 | Account 90 days past due | IC | Insurance claim |
| 120 | Account 120 days past due | CLG | Claim filed with government |
| 150 | Account 150 days past due | D | Defaulted on contract |
| 180 | Account 180 days past due | C | Collection |
| CRD | Creditor received deed | CO | Charge off |
| FS | Foreclosure proceedings started | CLS | Closed |
| F | Foreclosed | ND | No data for this time period |

☐ Credit items

| CITIZENS ONE | Date opened | Type | Credit limit or | Recent balance | Responsibility |
|---|---|---|---|---|---|
| 10561 TELEGRAPH RD | Nov 2006 | Mortgage | original amount | $35,237 as of Jan | Joint with |
| GLEN ALLEN VA 23059 | First reported | Terms | $36,585 | 2016 | MICHAEL  HAWKES |
| No phone number available | Dec 2009 | 30 Years | High balance | | Status |
| Partial account number | Date of status | Monthly | Not reported | | Account charged off. $35,237 written off. $16,712  past due as |
| 293890040.... | May 2011 | payment | | | of Jan 2016. |
| Address identification number | | Not reported | | | This account is scheduled to continue on record until Sep |
| 0513408343 | | | | | 2017. |

**Payment history**

| 2016 2015 | | | | | | | | | | | | 2014 | | | | | | | | | | | | 2013 | | | | | | | | | | | | 2012 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG |
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| 2011 | | | | | | | | | | | | 2010 | | | | | | | | | | | | 2009 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC |
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | 90 | 60 | 30 | CUR | CUR | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**Account history** - If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance on the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

**AB** = Account balance ($)   **DPR** = Date payment received   **SPA** = Scheduled payment amount ($)   **AAP** = Actual amount paid ($)

| | Dec15 | Nov15 | Oct15 | Sep15 | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 | Feb14 | Jan14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 |
| **DPR** | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 |
| **SPA** | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| **AAP** | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

▶ The original amount of this account was $36,585.

0127191843

WHEN RECORDED MAIL TO :
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Ste. 300
Phoenix, AZ 85016

Forward Tax Statements to :
Everhome Mortgage Company/Fidelity
8100 Nations Way
Jacksonville, FL 32256

Unofficial
₂₀Document

04
Pa

| T & B File # 11-02064 FNMA | |
|---|---|
| Mortgage Co.# 9000542222 | EXEMPT TRANSACTION – NO AFFIDAVIT |
| Title Co. # 110045066-AZ-GTI | ARS 11-1134 (B)(I) |

## TRUSTEE'S DEED UPON SALE

**Michael A. Bosco, Jr. ,** as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**Federal National Mortgage Association (Fannie Mae), a corporation organized under the laws of the United States, P. O. Box 650043, Dallas, TX 75265-0043**

herein called Grantee, the following described real property situated in **Maricopa County,** described as :

> **Lot 8, of SUMMERLIN VILLAGE, according to the Plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 696 of Maps, Page 16; and Affidavit of Correction recorded in Document No. 2005-776181, records of Maricopa County, Arizona.**

This conveyance is made pursuant to the powers including the power of sale conferred upon Trustee by said Deed of Trust executed **Michael C. Hawkes & Macie J. Hawkes, Husband & Wife** , as Trustor, recorded on **11/17/06,** Instrument No./Docket-Page: **2006-1511270** Official Records in the Office of the County Recorder of **Maricopa County, AZ** and  in compliance with the laws of the State of Arizona authorizing this conveyance and is effective upon the payment by the purchaser of the price bid in accordance with ARS §§ 33-810 and 33-811.

Trustee's Deed
Page 2
11-02064

Said property was sold by Trustee at Public auction on May 11, 2011, at the place named in the Notice of Trustee's Sale.  "Grantee", being the highest bidder at such sale, became the purchaser of said property and made payment thereof to said Trustee for the amount bid, namely $204,567.14, which payment was made either entirely in cash or by the satisfaction, protanto, of the obligation then secured by said Deed of Trust, together with the foreclosure and expenses relative thereto.

IN WITNESS WHEREOF, MICHAEL A. BOSCO, JR., as Trustee, has this day caused his name to be hereunto affixed.

_____
Michael A. Bosco, Jr.

State of Arizona          )
                          )ss.
County of Maricopa        )

The foregoing instrument was acknowledged before me this 12th day of May, 2011,  by Michael A. Bosco, Jr., as Trustee.

My Commission Expires:            _____
                                  Notary Public

OFFICIAL SEAL
MARY P. DOBOS
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 22, 2014

# EXHIBIT I

Michael Hawkes
1230 South Sunnyvale
Mesa, AZ 85206

May 24, 2016

Experian
P.O. Box 4500
Allen, TX 75013

Re:     Name: **Michael Hawkes**
        **Social Security #:** ████ 8748
        **Date of Birth:** ███████

Experian,

I am writing to dispute the following incorrect information that is being reported on my credit report. I have marked the item I am disputing on the enclosed copy of the credit report I received.

This item: CITIZENS ONE, Account #: 293890040XXXX is incorrect as this was a Purchase Money Mortgage used to purchase the home and the home was sold pursuant to a Trustee's Sale in May 11, 2011. As this was a Purchase Money mortgage, there can be no deficiency balance after a Trustee's Sale. Please correct the balance to Zero ($0).

Please re-investigate this matter and correct the balance due as soon as possible to reflect the lack of deficiency balance after a Trustee Sale.


Sincerely,

/s/ Michael Hawkes


**Experian**
A world of insight



## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain for up to 10 years after the date the account was transferred.

### Payment history legend

| | | | |
|---|---|---|---|
| | Current/Terms of agreement met | VS | Voluntarily surrendered |
| | Account 30 days past due | RPO | Repossession |
| | Account 60 days past due | PBC | Paid by creditor |
| | Account 90 days past due | IC | Insurance claim |
| | Account 120 days past due | CLG | Claim filed with government |
| | Account 150 days past due | DEL | Defaulted on contract |
| | Account 180 days past due | CO | Collection |
| | Creditor received deed | | Charge off |
| | Foreclosure proceedings started | CLS | Closed |
| | Foreclosed | ND | No data for this time period |

## ☐ Credit items

**CITIZENS ONE**
10561 TELEGRAPH RD
GLEN ALLEN VA 23059
No phone number available
Partial account number
293890040....
Address identification number
0513406343

**Date opened**
Nov 2006
**First reported**
Dec 2009
**Date of status**
May 2011

**Type**
Mortgage
**Terms**
15 Years
**Monthly payment**
Not reported

**Credit limit or original amount**
$36,585
**High balance**
Not reported

**Recent balance**
$35,238 as of Mar 2016

**Responsibility**
Joint with
MACIE HAWKES
**Status**
Account charged off. $35,238 written off. $17,243 past due as of Mar 2016.
This account is scheduled to continue on record until Sep 2017.
**Comment**
Account previously in dispute - investigation complete, reported by data furnisher.
This item was updated from our processing of your dispute in Mar 2016.

**Payment history**

2016
MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT
2015 2014 2013 2012

2011 2010 2009
SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC

**Account history** - If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your payment history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.

**AB** = Account balance ($)    **DPR** = Date payment received    **SPA** = Scheduled payment amount ($)    **AAP** = Actual amount paid ($)

| | Feb16 | Jan16 | Dec15 | Nov15 | Oct15 | Sep15 | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 | May14 | Apr14 | Mar14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 35,237 | 35,238 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 |
| **DPR** | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 |

0556354188

0410c5e6f85990b5

Unofficial
20Document

WHEN RECORDED MAIL TO :
Tiffany & Bosco, P.A.
2525 E. Camelback Rd.
Ste. 300
Phoenix, AZ 85016

04
Pa

Forward Tax Statements to :
Everhome Mortgage Company/Fidelity
8100 Nations Way
Jacksonville, FL 32256

T & B File # 11-02064 FNMA
Mortgage Co.# 9000542222
Title Co. # 110045066-AZ-GTI

EXEMPT TRANSACTION – NO AFFIDAVIT
ARS 11-1134 (B)(1)

## TRUSTEE'S DEED UPON SALE

**Michael A. Bosco, Jr.** , as the duly appointed Trustee (or successor Trustee or Substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without any covenant or warranty to :

**Federal National Mortgage Association (Fannie Mae), a corporation organized under the laws of the United States, P. O. Box 650043, Dallas, TX 75265-0043**

herein called Grantee, the following described real property situated in Maricopa County, described as :

> **Lot 8, of SUMMERLIN VILLAGE, according to the Plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 696 of Maps, Page 16; and Affidavit of Correction recorded in Document No. 2005-776181, records of Maricopa County, Arizona.**

This conveyance is made pursuant to the powers including the power of sale conferred upon Trustee by said Deed of Trust executed **Michael C. Hawkes & Macie J. Hawkes, Husband & Wife** , as Trustor, recorded on **11/17/06**, Instrument No./Docket-Page: **2006-1511270** Official Records in the Office of the County Recorder of Maricopa County, AZ and  in compliance with the laws of the State of Arizona authorizing this conveyance and is effective upon the payment by the purchaser of the price bid in accordance with ARS §§ 33-810 and 33-811.

Trustee's Deed
Page 2
11-02064

Said property was sold by Trustee at Public auction on May 11, 2011, at the place named in the Notice of Trustee's Sale. "Grantee", being the highest bidder at such sale, became the purchaser of said property and made payment thereof to said Trustee for the amount bid, namely $204,567.14, which payment was made either entirely in cash or by the satisfaction, pro tanto, of the obligation then secured by said Deed of Trust, together with the foreclosure and expenses relative thereto.

IN WITNESS WHEREOF, MICHAEL A. BOSCO, JR., as Trustee, has this day caused his name to be hereunto affixed.

Michael A. Bosco, Jr.

State of Arizona )
              )ss.
County of Maricopa )

The foregoing instrument was acknowledged before me this /2n, day of May, 2011, by Michael A. Bosco, Jr., as Trustee.

My Commission Expires:

Notary Public

OFFICIAL SEAL
MARY P. DOBOS
NOTARY PUBLIC - State of Arizona
MARICOPA COUNTY
My Comm. Expires Oct. 22, 2014

# EXHIBIT J

Macie Hawkes
1230 South Sunnyvale
Mesa, AZ 85206-6700

April 4, 2016

Transunion Consumer Relations
PO Box 2000
Chester, PA 19022-2000

Re:     **Name:  Macie Hawkes**
        **Social Security #:** ██████-9681
        **Date of Birth:** ██████
        **Report date:  02/11/2016**

To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I dispute on the enclosed copy of the credit report I received.

This item Citizens One Home Loans, account # 293890040xxxx is incorrectly reporting a balance owed of $35,238.00.  This is inaccurate as this was Purchase Money Mortgage that was sold pursuant to a Trustee's Sale and no balance should be reporting.  I am requesting that the item be corrected to reflect a zero balance owed.

Please investigate this matter and correct the disputed item as soon as possible.

Sincerely,

Macie Hawkes

File Number: 354491080
Date Issued: 02/11/2016

TransUnion

-Begin Credit Report-

## Personal Information

You have been on our files since 04/01/1994

SSN: XXX-XX-9681

Date of Birth: 10/18/1975

**Names Reported:** MACIE J. HAWKES, MACIE JEAN CHAPMAN, and MACIE J. CHAPMANHAWKES

**Addresses Reported:**

Address | Date Reported | Address | Date Reported

[redacted]

**Telephone Numbers Reported:**

[redacted]

**Employment Data Reported:**

Employer Name | Date Verified

[redacted]

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

**Rating Key**

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

**Remark Key**

Additionally, some creditors may notate your account with comments each month. We refer to these creditor comments as "Remarks". The key below gives the descriptions of the abbreviated remarks contained in your credit file. Any remark containing brackets >< indicates that this remark is considered adverse.

AMD ACTIVE MILITARY DUTY
CBG CLOSED BY CREDIT GRANTOR
CLO CLOSED
DRG DISP INVG COMP-RPT BY GRNTR
>PRL< UNPAID BALANCE CHARGED OFF

## Adverse Accounts

**CITIZENS ONE HOME LOANS** #293890040**** (10561 TELEGRAPH RD, GLEN ALLEN, VA 23059, (800) 234-6002)

**Date Opened:** 11/08/2006
**Responsibility:** Joint Account
**Account Type:** Mortgage Account
**Loan Type:** SECOND MORTGAGE

**Date Updated:** 02/03/2016
**Payment Received:** $0
**Last Payment Made:** 10/06/2010
**Original Charge-off:** $35,237

**Pay Status:** >Charged Off<
**Terms:** $265 per month, paid Monthly for 360 months
**Date Closed:** 05/03/2011
>Maximum Delinquency of 120 days in 03/2011 for $1,326 and in 04/2011 for $1,591<

**High Balance:** High balance of $36,585 from 08/2013 to 03/2015; $36,585 from 05/2015 to 02/2016
**Estimated month and year that this item will be removed:** 11/2017

| | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $35,237 | $35,238 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | | $35,237 |
| Scheduled Payment | $265 | $0 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | | $265 |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | | $0 |
| Past Due | $35,238 | $16,712 | $16,446 | $16,181 | $15,916 | $15,650 | $15,385 | $15,120 | $14,855 | $14,589 | | $14,059 |
| Remarks | DRG/PRL | DRG/PRL | PRL | PRL | PRL | PRL | PRL | AMD/PRL | AMD/PRL | AMD/PRL | | AMD/PRL |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

To dispute online go to: http://transunion.com/disputeonline

Consumer Credit Report for MACIE J. HAWKES     File Number: 354491080   Date Issued: 02/11/2016

| | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 | 03/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,2... |
| Scheduled Payment | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $26... |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | |
| Past Due | $13,794 | $13,528 | $13,263 | $12,998 | $12,732 | $12,467 | $12,202 | $11,937 | $11,673 | $11,408 | $11,141 | $10,8... |
| Remarks | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | AMD/PRU | PRU |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | | | | | |
| Scheduled Payment | $265 | $265 | $265 | $265 | $265 | $265 | $265 | | | | | |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | | | | | |
| Past Due | $10,610 | $10,349 | $10,080 | $9,814 | $9,549 | $9,284 | $9,019 | | | | | |
| Remarks | PRU | PRU | PRU | PRU | PRU | PRU | PRU | | | | | |
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/201... |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 | 07/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK |

| | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 |
|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK |



# EXHIBIT K

Michael Hawkes
1230 South Sunnyvale
Mesa, AZ 85206

April 1, 2016

Transunion Consumer Relations
PO Box 2000
Chester, PA 19022-2000

**Re:**   **Name:  Michael Hawkes**
          **Social Security #:** ███ 8748
          **Date of Birth:** ███
          **Report date:  01/28/2016**

To Whom It May Concern,

I am writing to dispute the following information in my file. I have attached the items I dispute on the enclosed copy of the credit report I received.

This item Citizens One account #293890040… is incorrectly reporting a balance owed of $35,237.00.  This is inaccurate as this was Purchase Money Mortgage that was sold pursuant to a Trustee's Sale and no balance should be reporting.  I am requesting that the item be corrected to reflect a zero balance owed.

Please investigate this matter and correct the disputed item as soon as possible.

Sincerely,

Michael Hawkes





TransUnion

Begin Credit Report

**Personal Information**

SSN: XXX-XX-6748
Your SSN has been masked for your protection.
Names Reported: MICHAEL C. HAWKES
Addresses Reported:
Address

You have been on our files since 03/01/1999.
Date of Birth: 11/16/1980

Telephone Numbers Reported:

Employment Data Reported:
Employer Name          Position          Date Verified

**Account Information**

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

Rating Key
Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | | 30 | 60 | 90 | 120 | COL | VS | RPO | | FC |
|-----|---|-----|---|----|----|----|----|----|----|----|---|----|
| Not Reported | Unknown | Current | | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | | Charge Off Foreclosure |

Remarks Key
Additionally, some creditors may notate your account with comments each month. We refer to these creditor comments as 'Remarks'. The key below gives the descriptions of the abbreviated remarks contained in your credit file. Any remark containing brackets > < indicates that this remark is considered adverse.

AMD   ACTIVE MILITARY DUTY          CBG                              CLO   CLOSED
DRG   DISP INVG COMP RPT BY GRNTR   PDE                              >PRL< UNPAID BALANCE CHARGED OFF

**Adverse Accounts**

Adverse information typically remains on your credit file for up to 7 years from the date of the delinquency. To help you understand what is generally considered adverse, we have added >brackets< to those items in this report. For your protection, your account numbers have been partially masked, and in some cases scrambled.

GREENTREE HOM LOANS  #293890040****
RAPH RD
GLEN ALLEN, VA 23059
(800) 234-6002

*Foreclosure*

| | | | |
|---|---|---|---|
| Date Opened: | 11/03/2008 | Date Updated: | 01/03/2016 | Pay Status: | >Charged Off< |
| Responsibility: | Joint Account | Payment Received: | $0 | Terms: | $285 per month, paid Monthly for 360 months |
| Account Type: | Mortgage Account | Last Payment Made: | 10/03/2010 | | |
| Loan Type: | SECOND MORTGAGE | Original ChargeOff: | $35,237 | Date Closed: | 05/03/2011 |
| | | | | >Maximum Delinquency of 120 days in 03/2011 for $1,326 and in 04/2011 for $1,591< |



**TransUnion**

High Balance: High balance of $36,585 from 07/2013 to 03/2015; $36,585 from 05/2015 to 01/2016!
Estimated month and year that this item will be removed: 11/2017

| | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | |
| Scheduled Payment | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | |
| Past Due | $16,712 | $16,446 | $16,181 | $15,816 | $15,650 | $16,385 | $16,120 | $15,855 | $16,589 | |
| Remarks | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< | |
| Rating | | | | | | | | | | N/R |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 |
| Scheduled Payment | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $14,059 | $13,794 | $13,528 | $13,263 | $12,998 | $12,732 | $12,497 | $12,202 | $11,937 | $11,671 |
| Remarks | AMD >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< | AMD >PRL< |
| Rating | | | | | | | | | | |

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Balance | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 | $35,237 |
| Scheduled Payment | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 | $265 |
| Amount Paid | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| Past Due | $11,406 | $11,141 | $10,876 | $10,610 | $10,345 | $10,090 | $9,814 | $9,649 | $9,284 | $9,019 |
| Remarks | AMD >PRL< | AMD >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< | >PRL< |
| Rating | | | | | | | | | | |

| | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 |
|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | 120 | 120 | |

# EXHIBIT L



# EQUIFAX

P. O. Box 105518,
Atlanta, GA 30348

000004152 F0ECA0319160321260000 01 000000
002183115-8386
Macie J Hawkes
1230 S Sunnyvale
Mesa, AZ 85206-6700

**CREDIT FILE : March 18, 2016**
**Confirmation # 6069047609**

Dear Macie J Hawkes:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact Equifax regarding the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

## Credit Account Information

(For your security, the last 4 digits of account number(s) here have been replaced by X's which include domestic demand letter and items reported by credit grantors)

| Account History | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
|---|---|---|---|
| Status Code | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| Descriptions | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| | 4 : 120-149 Days Past Due | H : Foreclosure | |

>>> We have researched the credit account. Account # - 526779681PE* The results are: We verified that this item belongs to you. We have verified that this item has been reported correctly. If you have additional questions about this item please contact: University of Pacific, 3601 Pacific Ave, Stockton CA, 95211-0110.

**University of Pacific - 3601 Pacific Ave, Stockton CA 95211-0110**

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Date of 1st Delinquency | Date of Last Activity | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|
| 526779681PE* | 04/30/2002 | $8,300 | $0 | 120 Months | | 07/2013 | Monthly | 69 | Paid and Closed | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | | | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/18/2016 | $0 | $0 | 07/2013 | $0 | $88 | | | 07/2013 | $0 | | $0 | | 07/2013 |

Status - Pays As Agreed; Type of Account - Installment; Type of Loan - Education Loan; Whose Account - Individual Account; ADDITIONAL INFORMATION - Closed or Paid Account/Zero Balance; Student Loan;

6069047609APPLADM-002183115-8386 - 10785 -

**Notice to Consumers**

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

( End Of Report )

Page 2 of 2

6069047609APPL.ADM-002183115- 8386 - 10785

# EXHIBIT M

P. O. Box 105518
Atlanta, GA 30348

000003881 F0ECA0331160220360000 01 000000
002194057-7189
Michael C Hawkes
1230 S Sunnyvale
Mesa, AZ 85206-6700

# EQUIFAX

**CREDIT FILE : March 30, 2016**
**Confirmation # 6069049083**

Dear Michael C Hawkes;

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file. If you have additional questions regarding the reinvestigated items, please contact the source of that information directly. You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at www.equifax.com/CreditReportAssistance or Call us at 866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

**Credit Account Information**
(For your security, the last 4 digits of account number(s) have been replaced by *)
(This section includes open and closed accounts reported by credit grantors)

| Account History | | | | |
|---|---|---|---|---|
| 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
| Status Code / Descriptions | 4 : 120-149 Days Past Due | H : Foreclosure |

>>> **We have researched the credit account. Account # "293890040" The results are:** The balance of this item has been updated. Additional information has been provided from the original source regarding this item. Historical account information was deleted from this account. If you have additional questions about this item please contact **Charter One Mortgage Corp, PO Box 62604, Glen Allen VA  23058-6260 Phone: (800) 234-6002**

(Continued On Next Page)

6069049083APPLADM-002194057- 7189 - 9274 -

**Citizens One Home Loans** PO Box 62604 GLEN ALLEN VA 23058-6250 : (800) 234-6002

| Account Number | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 293890040* | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | | Months Rend | Activity Designator | | Creditor Classification | | |
| | 11/01/2006 | $0 | $0 | | Monthly | | 75 | | | | | |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Pymnt | Actual Pymnt Amount | Scheduled Peymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/30/2016 | $35,238 | $17,243 | 10/2010 | $0 | $0 | 12/2010 | | 05/2011 | $35,238 | | | | |

Status - Charge Off; Type of Account - Installment; Type of Loan - Second Mortgage; Whose Account - Joint Account; ADDITIONAL INFORMATION - ; Charged Off Account; Second Mortgage;

**Account History with Status Codes**

| 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L |

| 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | L | 4 | L | 2 | 1 |

Extra numbers: 4 | 3 | 4 | 4

## Notice to Consumers

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.

6069490083APPLADM-002194057- 7189 - 9274

( End Of Report )

# EXHIBIT N


# Experian
A world of insight

## Dispute Results

This summary shows the revision(s) made to your credit file as a result of our processing of your dispute. If you still question an item, then you may want to contact the furnisher of the information directly or review the original information in the public record. You may also submit additional documents to us supporting your claim at experian.com/upload or by mail.

The federal Fair Credit Reporting Act states that you may:

- request a description of how we processed your dispute, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number if reasonably available;

- add a statement disputing the accuracy or completeness of the information; and

- request that we send these results to organizations that you specifically designate who have requested your credit report, which contained the deleted or disputed information, within the past two years for employment purposes or within six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York.) As a word of general precaution, the results can contain sensitive information; as such, you will want to give careful thought when sharing this information.

If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If no information follows, our response appeared on the previous page.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

## How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item was not changed as a result of our processing of your dispute

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you

**Processed** - This item was either updated or deleted; review this report to learn its outcome

## Results

We have completed the processing of your dispute(s). Here are the results:

| Credit items | Outcome |
| --- | --- |
| CITIZENS ONE 293890040 | Updated |

Visit experian.com/status to check the status of your pending disputes at any time.

PO Box 9701
Allen, TX 75013

0003836 01 M00046 *AUTO* 00746 85066-070030 - C02 P01841-1

0003836 01 M00046 *AUTO
MACIE J HAWKES
1230 S SUNNYVALE
MESA AZ 85208-8700



**Experian**
A world of insight

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

### Payment history legend

| | | | |
|---|---|---|---|
| OK | Current/Terms of agreement met | VS | Voluntarily surrendered |
| 30 | Account 30 days past due | R | Repossession |
| 60 | Account 60 days past due | PBC | Paid by creditor |
| 90 | Account 90 days past due | IC | Insurance claim |
| 120 | Account 120 days past due | G | Claim filed with government |
| 150 | Account 150 days past due | D | Defaulted on contract |
| 180 | Account 180 days past due | C | Collection |
| CRD | Creditor received deed | CO | Charge off |
| FS | Foreclosure proceedings started | CLS | Closed |
| F | Foreclosed | ND | No data for this time period |

0127191843

# Experian
A world of insight

## Your accounts that may be considered negative (continued)

CITIZENS ONE
1066 TELEGRAPH RD
GLEN ALLEN VA 23059
Telephone number not available
Partial account number
293990000
Address identification number
0613106843

| | | |
|---|---|---|
| Date opened | Nov 2006 | |
| First reported | Dec 2009 | |
| Date of status | May 2011 | |

| | | |
|---|---|---|
| Type | Mortgage | |
| Terms | 15 Years | |
| Monthly payment | Not reported | |

| | | |
|---|---|---|
| Credit limit or original amount | $36,585 | |
| High balance | Not reported | |

| | |
|---|---|
| Recent balance | $35,237 as of Jun 2016 |

### Responsibility
Joint with
MICHAEL HAWKES

**Status:** Account charged off. $35,238 written off. $18,038 past due as of Jun 2016.
This account is scheduled to continue on record until Sep 2017.

**Comment**
Account previously in dispute - investigation complete, reported by data furnisher
This item was updated from our processing of your dispute in Jun 2016.

## Payment history

**2016**

| | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

**2012**

| | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CK | CK | CK | CK | CK | CK |

**2011**

**2009**

| | JUN | MAY | APR | MAR | FEB | JAN | DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 90 | 90 | 60 | 30 | CK | CK | CK | CK | CK | CK | | | | | | | | | |

**2010**

**2013**

*Account history - If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made. ND: No Data.*

**AB** = Account balance ($)    **DRR** = Date payment received    **SPA** = Scheduled payment amount ($)    **APA** = Actual amount paid ($)

| | May16 | Apr16 | Mar16 | Feb16 | Jan16 | Dec15 | Nov15 | Oct15 | Sept15 | Aug15 | Jul15 | Jun15 | May15 | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sept14 | Aug14 | Jul14 | Jun14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 35,237 | 35,238 | 35,238 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 |
| **DRR** | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 |
| **SPA** | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| **APA** | 0 | 0 | 0 | | | | | | | | | | | | | | | | | | | | | |

# EXHIBIT O

 **Experian**
A world of insight

## Dispute Results

This summary shows the revision(s) made to your credit file as a result of our processing of your dispute. If you still question an item, then you may want to contact the furnisher of the information directly or review the original information in the public record. You may also submit additional documents to us supporting your claim at experian.com/upload or by mail.

The federal Fair Credit Reporting Act states that you may:

- request a description of how we processed your dispute, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number if reasonably available;

- add a statement disputing the accuracy or completeness of the information; and

- request that we send these results to organizations that you specifically designate who have requested your credit report, which contained the deleted or disputed information, within the past two years for employment purposes or within six months for any other purpose (the past 12 months for residents of Colorado, Maryland or New York.) As a word of general precaution, the results can contain sensitive information; as such, you will want to give careful thought when sharing this information.

If you send a request to have your results sent to past recipients of your credit report, please designate the organization's name and address. In the event an organization is not specifically designated, we will generally default to sending only to companies that have requested your credit information as a result of an action you took, such as applying for credit, insurance, employment or apartment rental.

If no information follows, our response appeared on the previous page.

By law, we cannot disclose certain medical information (relating to physical, mental, or behavioral health or condition). Although we do not generally collect such information, it could appear in the name of a data furnisher (i.e. "Cancer Center") that reports your payment history to us. If so, those names display on your report, but on reports to others, they display only as MEDICAL PAYMENT DATA. Consumer statements included on your report at your request that contain medical information are disclosed to others.

### How to read your results

**Deleted** - This item was removed from your credit report

**Remains** - This item was not changed as a result of our processing of your dispute

**Updated** - A change was made to this item; review this report to view the change. If ownership of the item was disputed, then it was verified as belonging to you.

**Processed** - This item was either updated or deleted; review this report to learn its outcome

### Results

We have completed the processing of your dispute(s). Here are the results:

| Credit items | Outcome |
|---|---|
| CITIZENS ONE 293890040 | Updated |

Visit experian.com/status to check the status of your pending disputes at any time

PO Box 9701
Allen, TX 75013

MICHAEL C HAWKES
1230 SOUTH SUNNYVALE
MESA AZ 85206-6700

0556354186

Experian
A world of insight

Prepared for: MICHAEL C HAWKES
Date: June 20, 2016
Report number: 3907-3761-47

## Your accounts that may be considered negative

The most common items in this section are late payments, accounts that have been charged *off or sent to collection, bankruptcies, liens, and judgments. It also may contain items that are* not necessarily negative, but that a potential creditor might want to review more closely, such as an account that has been settled or transferred. This information is generally removed seven years from the initial missed payment that led to the delinquency. Missed payments and most public record items may remain on the credit report for up to seven years, except Chapters 7, 11 and 12 bankruptcies, which may remain for up to 10 years. Unpaid tax liens may remain for up to 10 years from the filing date, and paid tax liens may remain for up to seven years from the filing date. Transferred accounts that have not been past due remain up to 10 years after the date the account was transferred.

**Payment history legend**

| | | | |
|---|---|---|---|
| OK | Current/Terms of agreement met | VS | Voluntarily surrendered |
| 30 | Account 30 days past due | R | Repossession |
| 60 | Account 60 days past due | PBC | Paid by creditor |
| 90 | Account 90 days past due | IC | Insurance claim |
| 120 | Account 120 days past due | G | Claim filed with government |
| 150 | Account 150 days past due | D | Defaulted on contract |
| 180 | Account 180 days past due | C | Collection |
| CRD | Creditor received deed | CO | Charge off |
| FS | Foreclosure proceedings started | CLS | Closed |
| F | Foreclosed | ND | No data for this time period |

## ■ Credit items

[redacted]

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Nov 2006 | Mortgage | $36,585 | $35,237 as of Jun 2016 | Joint with MACIE HAWKES |

| First reported | Terms | High balance |
|---|---|---|
| Dec 2009 | 15 Years | Not reported |

| Date of status | Monthly payment |
|---|---|
| May 2011 | Not reported |

**Status**
Account charged off. $35,238 written off. $18,038 past due as of Jun 2016.
This account is scheduled to continue on record until Sep 2017.

**Comment**
Account previously in dispute - investigation complete, reported by data furnisher
This item was updated from our processing of your dispute in Jun 2016.

**Payment history**

| 2016 JUN | MAY | APR | MAR | FEB | JAN | 2015 DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | 2014 DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | 2013 DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

| 2012 DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | 2011 DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | 2010 DEC | NOV | OCT | SEP | AUG | JUL | JUN | MAY | APR | MAR | FEB | JAN | 2009 DEC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | 150 | 120 | 90 | 60 | 30 | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

**Account history** - *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan. This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.* ND: No Data.

AB = Account balance ($) DPR = Date payment received SPA = Scheduled payment amount ($) AAP = Actual amount paid ($)

| | May16 | Apr16 | Mar16 | Feb16 | Jan16 | Dec15 | Nov15 | Oct15 | Sep15 | Aug15 | Jul15 | Jun15 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB | 35,237 | 35,238 | 35,238 | 35,237 | 35,238 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 |
| DPR | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 |

| | May15 | Apr15 | Mar15 | Feb15 | Jan15 | Dec14 | Nov14 | Oct14 | Sep14 | Aug14 | Jul14 | Jun14 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 | 35,237 |
| DPR | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 | Oct06 |

0556354186

# EXHIBIT P

```
*** 354491080-013 ***
P.O. Box 2000
Chester, PA 19016-2000
```

04/29/2016

 **TransUnion.**

```
P5MICW00203798-I027871-019336406
MACIE J. HAWKES
1230 S SUNNYVALE
MESA, AZ 85206-6700
```

*You are invited to participate in a brief survey designed to measure your satisfaction with TransUnion. None of your personal information or your credit information will be collected through this online survey. We value your feedback!*

*http://transunionmail.periscopeiq.com*

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures; then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of the source of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs .

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| CITIZENS ONE HOME LOANS<br>10561 TELEGRAPH RD<br>GLEN ALLEN, VA 23059<br>(800) 234-6002 | # 293890040**** | NEW INFORMATION BELOW |

| File Number: | 354491080 |
| Date Issued: | 04/29/2016 |

# TransUnion.

## -Begin Credit Report-

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | REP | CO | FOR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

**CITIZENS ONE HOME LOANS #293890040****** ( 10561 TELEGRAPH RD, GLEN ALLEN, VA 23059, (800) 234-6002 )

| | | | |
|---|---|---|---|
| Date Opened: | 11/08/2006 | Balance: | $35,237 | Pay Status: | >Charged Off< |
| Responsibility: | Joint Account | Date Updated: | 04/14/2016 | Terms: | $265 per month, paid Monthly for |
| Account Type: | Mortgage Account | Payment Received: | $0 | | 360 months |
| Loan Type: | SECOND MORTGAGE | Last Payment Made: | 10/06/2010 | Date Closed: | 05/03/2011 |
| | | High Balance: | $36,585 | >Maximum Delinquency of 120 days in 03/2011 |
| | | Past Due: | >$17,507< | and in 04/2011< |

**Remarks:** DISP INVG COMP-RPT BY GRNTR; >UNPAID BALANCE CHARGED OFF<
**Estimated month and year that this item will be removed:** 11/2017



- End of investigation results -

To view a free copy of your full, updated credit file, go to our website www.transunion.com/fullreport

R-5M-ICW-002-03798-J027874-04



‎**‎ 360617020-010 ***
P.O. Box 2000
Chester, PA 19016-2000

04/29/2016



P5MJCW00200824-I004939-019333432

MICHAEL C. HAWKES
1230 S SUNNYVALE
MESA, AZ 85206-6700

You are invited to participate in a brief survey designed to measure your satisfaction with TransUnion. None of your personal information or your credit information will be collected through this online survey. We value your feedback!

*http://transunionmail.periscopeiq.com*

Our investigation of the dispute you recently submitted is now complete. The results are listed below. If an item you disputed is not in the list of results below, it was either not appearing in your credit file or it already reflected the corrected status at the time of investigation.

If our investigation has not resolved your dispute, you may add a 100-word statement to your report. If you provide a consumer statement that contains medical information related to service providers or medical procedures, then you expressly consent to TransUnion including this information in every credit report we issue about you. If you wish to obtain documentation or written verification concerning your accounts, please contact your creditors directly.

If there has been a change to your credit history resulting from our investigation, or if you add a consumer statement, you may request that TransUnion send an updated report to those who received your report within the last two years for employment purposes, or within the last six months for any other purpose.

If interested, you may also request a description of how the investigation was conducted along with the business name, address and telephone number of the source of information.

Thank you for helping ensure the accuracy of your credit information.

For frequently asked questions about your credit report, please visit http://transunion.com/consumerfaqs .

## Investigation Results

| ITEM | DESCRIPTION | RESULTS |
|------|-------------|---------|
| CITIZENS ONE HOME LOANS<br>10561 TELEGRAPH RD<br>GLEN ALLEN, VA 23059<br>(800) 234-6002 | # 293890040**** | NEW INFORMATION BELOW |

File Number: 360617020
Date Issued: 04/29/2016



**TransUnion.**

## -Begin Credit Report-

## Account Information

Typically, creditors report any changes made to your account information monthly. This means that some accounts listed below may not reflect the most recent activity until the creditor's next reporting. This information may include things such as balances, payments, dates, remarks, ratings, etc. The key(s) below are provided to help you understand some of the account information that could be reported.

### Rating Key

Some creditors report the timeliness of your payments each month in relation to your agreement with them. The ratings in the key below describe the payments that may be reported by your creditors. Any rating that is shaded indicates that it is considered adverse. Please note: Some but not all of these ratings may be present in your credit report.

| N/R | X | OK | 30 | 60 | 90 | 120 | COL | VS | RPO | C/O | FC |
|-----|---|----|----|----|----|-----|-----|----|----|-----|-----|
| Not Reported | Unknown | Current | 30 days late | 60 days late | 90 days late | 120+ days late | Collection | Voluntary Surrender | Repossession | Charge Off | Foreclosure |

## Adverse Accounts

**CITIZENS ONE HOME LOANS** #293890040**** ( 10561 TELEGRAPH RD, GLEN ALLEN, VA 23059, (800) 234-6002 )

| | | |
|---|---|---|
| Date Opened: 11/08/2006 | Balance: $35,237 | Pay Status: >Charged Off< |
| Responsibility: Joint Account | Date Updated: 04/14/2016 | Terms: $265 per month, paid Monthly for 360 months |
| Account Type: Mortgage Account | Payment Received: $0 | |
| Loan Type: SECOND MORTGAGE | Last Payment Made: 10/06/2010 | Date Closed: 05/03/2011 |
| | High Balance: $36,585 | >Maximum Delinquency of 120 days in 03/2011 |
| | Past Due: >$17,508< | and in 04/2011< |

Remarks: DISP INVG COMP-RPT BY GRNTR; >UNPAID BALANCE CHARGED OFF<
Estimated month and year that this item will be removed: 11/2017

| | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 | 06/2015 | 05/2015 | 04/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 | 06/2014 | 05/2014 | 04/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 | 06/2013 | 05/2013 | 04/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 | 02/2012 | 01/2012 | 12/2011 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O | C/O |

| | 11/2011 | 10/2011 | 09/2011 | 08/2011 | 07/2011 | 06/2011 | 05/2011 | 04/2011 | 03/2011 | 02/2011 | 01/2011 | 12/2010 | 11/2010 | 10/2010 | 09/2010 | 08/2010 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | C/O | C/O | C/O | C/O | C/O | C/O | C/O | 120 | 120 | 90 | 60 | 30 | OK | OK | OK | OK |

| | 07/2010 | 06/2010 | 05/2010 | 04/2010 | 03/2010 | 02/2010 | 01/2010 | 12/2009 |
|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK |



## - End of Investigation results -

To view a free copy of your full, updated credit file, go to our website www.transunion.com/fullreport

## -End of Credit Report-

# Maricopa County Justice Courts

## CASE PROCEEDINGS SHEET

| | | | |
|---|---|---|---|
| Case Number | CC2016122753 | Document Date (OnBase Date) | 7/11/2016 |
| Case Title | HAWKES, et.al. vs. CCO MORTGAGE A DIVISION OF CITI | | |
| Case Category | RC | | |
| Court ID | 0711 | | |

Cancel

**Proceeding Information:**

| Date | Proceeding Note | | User | |
|---|---|---|---|---|
| | | | ICISDPUSER | Add |